[Crim. No. 2470. Second Appellate District, Division One.—March 20, 1934.]

THE PEOPLE, Respondent, v. BURMAH H. WHITE, Appellant.

George Francis, Olin N. Mackay and Donald Mackay for Appellant.

U. S. Webb, Attorney-General, and John D. Richer, Deputy Attorney-General, for Respondent.

YORK, J.—Appellant was convicted on eleven counts of an indictment returned by the grand jury charging her with the crime of robbery in seven counts, attempted robbery in one count and in three counts with assault with a deadly weapon with intent to commit murder.

This is an appeal from the judgments of conviction and from the order denying motion for a new trial.

The questions raised upon appeal to this court are the following:

"1. Was the District Attorney guilty of misconduct, which denied the appellant a fair and impartial trial?

"2. Did the reading of the portions of the statement taken before the District Attorney, referring to acts and offenses not charged in the Indictment, so prejudice the jury that the order of the court striking out such statements failed to cure the error?

"3. Did the court err in permitting the District Attorney, over objection, to establish facts and offenses not charged in the Indictment nor in any way connected with acts so charged?

"4. Did the court err in refusing to instruct the jury, as requested by appellant's instructions appearing at pages 55 and 56, Clerk's Transcript?

"5. Did the court err in giving the instruction set forth at page 48, Clerk's Transcript, Line 22?

"6. Did the court err in refusing to grant appellant's continuance upon a showing that her counsel was confined in the hospital and unable to appear in her defense?"

It was never contended by the appellant that the robberies set forth in the indictment were not in fact committed, nor was it denied by her that on each and every occasion charged she was present and drove the automobile in which one Tom White, who committed the offenses charged in the indictment, came to and left the scenes of the crimes. Each of the counts charged robbery, attempt to commit robbery or assault with a deadly weapon with intent to commit murder. On each of the robbery counts appellant was found guilty of robbery in the first degree, and on the counts of assault with a deadly weapon, she was found guilty of assault with a deadly weapon.

The counts of assault with a deadly weapon arose from the fact that, in one instance, while perpetrating the crime of robbery, Tom White shot one Cora B. Withington, the bullet wounding Cora B. Withington, and then striking Crombie Allen. Count seven, charging assault with a deadly weapon, arose from the fact that Tom White shot at C. C. Lewis, whom he was attempting to rob, the appellant being seated in an automobile some distance away.

As stated by appellant in her opening brief, the only contention with regard to the facts of the case is the question of the nature of the participation in the offense by appellant Burmah A. White. Tom White, as is disclosed by the record, was a man who had been sentenced to San Quentin prison, had served a part of a term there and had been transferred to Folsom prison. A short time prior to the offenses here charged he had been paroled. At the time the officers were attempting to arrest him he was shot and killed by the police officers.

By her testimony appellant attempted to show that she accompanied Tom White upon these robberies charged solely by reason of the fact that the said Tom White compelled her to accompany him by displaying a gun to her and stating that if she refused to accompany him he would kill her, and also making threats against her family in case she caused him any trouble.

Appellant *generally* claims to be entitled to the protection of the provisions of section 26 of the Penal Code, subdivision 8, by reason of such testimony given by her.

■ The probability is that the appellant by questions 1, 2 and 3, above enumerated, means to urge that the district attorney had no right to question her about other offenses which Tom White was supposed to have committed when she was present, and that the district attorney asked her about other offenses of which the defendant had denied any knowledge. Under ordinary circumstances, proof generally of such other offenses would be improper, but in the given case the defendant had testified that during the time and after these other offenses were committed, she believed the said Tom White to be a respectable man, and that she had no knowledge of any criminal tendencies on his part until after the date of the first offense charged against her, to wit: August 16, 1933, which was the first time that he exhibited a gun to her and threatened her. Such evidence as to other crimes committed before that date was properly admissible to show whether or not her statement was true that she had no knowledge of the criminal activities of said Tom White until said sixteenth day of August; and all evidence as to the details of the crimes committed by the two of them jointly or participated in by them would tend to show just how much coercion or fear was used by him, to cause her to participate in or keep silent as to his participation therein, or to keep silent as to her forced participation therein.

■ Appellant objects to certain evidence of other criminal acts alleged to have been committed by her and the said Tom White, but denied by her, which occurred close to the time of the commission of the other criminal acts admitted by appellant; the defense urged by appellant being that she was at all times coerced and in fear of the said Tom White. However, the testimony of the defendant, that the acts complained of were committed by her solely by reason of such fear and duress, justified the admission into evidence of all transactions and acts done by both said Tom White and appellant during the entire time of their association together.

■ The point designated by appellant as number 4, as to the refusal of the instructions set forth at pages 55 and 56 of the clerk's transcript, is fully met by the fact that

such instructions exactly as presented were not proper, but the court, in so far as said requested instructions were proper, fully instructed the jury on each and all of the questions of law properly presented by the refused instructions.

 The question numbered 5, is as to error in giving the instruction set forth at page 48 of the clerk's transcript, beginning at line 22, to wit: "You are instructed, if you find from all the evidence beyond a reasonable doubt that the defendant, Bermah White, was jointly engaged with one Thomas White in the perpetration or attempt to perpetrate the crime of Robbery, and that during the commission of said crime of Robbery, or attempt to commit the crime of Robbery, Thomas White made an assault with a deadly weapon with intent to commit murder on the person of Crombie Allen, as charged in Count II of the indictment, and/or upon the person of Cora B. Withington, as charged in Count III of the indictment, and/or upon the person of C. C. Lewis, as charged in Count VII of the indictment, then you shall find the defendant, Bermah White, guilty of the offense of ASSAULT WITH A DEADLY WEAPON WITH INTENT TO COMMIT MURDER, a felony, as charged in the count or counts of which you find the defendant guilty, if you do so find."

This instruction is somewhat involved, as were the two refused instructions, the refusal of which the appellant contends was error. However, in view of all of the instructions given, and in view of the admissions made by defendant, it could have caused no prejudice to the defendant, in that the sole legal question involved, as presented by the testimony of defendant or her defense, and as put to the jury by all of the instructions given was whether or not, at the time of the commission of the acts charged in the indictment, she was committing the acts she admitted she had committed, freely and voluntarily, or solely and only by reason of fear engendered in her mind by the threats and intimidations of the said Tom White. This proposition was clearly stated to the jury by the instructions given.

 The sixth and last point involved in this appeal is: Did the court err in refusing to grant appellant's continuance upon a showing that her counsel was confined in the hospital and unable to appear in her defense?

An examination of the entire transcript shows that she was well and ably represented by counsel throughout the entire proceeding in the trial court.

The judgments and order are affirmed.

Conrey, P. J., and Houser, J., concurred.