## No. 14,347.

PEOPLE EX REL. ATTORNEY GENERAL *v.* BARKSDALE.

(87 P. [2d] 755)

Decided February 20, 1939.

2

Mr. Byron G. Rogers, Attorney General, Mr. Louis Schiff, Assistant, Mr. E. L. Fundingsland, Mr. Albert L. Vogl, for plaintiff in error.

Messrs. Phelps & Gobin, for defendant in error.

*En Banc.*

Mr. Justice Francis E. Bouck delivered the opinion of the court.

ON the relation of the Honorable Byron G. Rogers, attorney general, the people of the state of Colorado, plaintiff in error, commenced an action against George H. Barksdale of Pueblo under chapter 113, S. L. '37, being "an act relating to the regulation and supervision of the cleaning and dyeing trade in the state of Colorado," etc. The amended complaint charged Barksdale with having violated the part of the act which undertakes to require those in the industry to demand for their services not less than the schedule of minimum retail prices established by the Industrial Commission of Colorado—at the instance of a specially created "State Administrative Board"—for "Trade Area No. 4," the boundaries of which, as defined by the board under and by virtue of the act, include the county of Pueblo. The elaborate machinery set up by the act for this and other purposes, with the express legislative intent to exercise the police power of the state for the general welfare, thus appears by this mere outline statement of it to represent a conscious attempt to extend by statutory enactment the trend of industrial regulation possibly beyond any limits heretofore set by the General Assembly of this state. We refrain at this time from discussing the numerous intricacies of detail contained in the act. The prayer of the amended complaint was for an injunction against further violation of the kind complained of.

To that amended complaint Barksdale interposed a demurrer, which the court sustained. It was based upon five grounds as follows:

(1) "The court has no jurisdiction of the person of the defendant or of the subject matter of this action."

(2) "That said complaint does not state facts sufficient to constitute a cause of action."

(3) "Specially demurring, respondent alleges that the jurisdiction of this court is invoked under paragraph No. 2 of the complaint, as being maintained under the provisions of chapter 113, of the 1937 Session Laws of the state of Colorado which said alleged law was not

properly passed by the legislature of said state, and never became and is not now, or at any time has been, a law of the state of Colorado."

(4) "That the only violation of said alleged law, charged, is failure of the defendant to comply with the price fixing provisions and regulations of chapter 113, of the 1937 Session Laws of Colorado, and specifically section 7, subsection 3 (e) (1) and section 8, subsection 7 of said act, that said sections and each of them are unconstitutional and void and in contravention and violation of section 3 of article 2 and section 25 of article 2 of the Constitution of the State of Colorado, and section 1 of Amendment No. 14 to the Constitution of the United States."

(5) "That said sections above designated are in violation of Article 3 of the Constitution of Colorado and of section 1 of article 5 of said Constitution in that they attempt to delegate legislative authority to the Industrial Commission of the state of Colorado, contrary to the provisions of said article 3 and section 1 of article 5."

According to the abstract of the record the demurrer was argued and taken under advisement "for further consideration" on a day named. The abstract further sets forth that "memoranda findings were made and filed" a month and a half after the date fixed, and that *"all exhibits offered by the parties and marked during the hearing on Defendant in Error's demurrer, and those offered and marked since the hearing on the demurrer* were admitted and considered by the court, and the court being fully advised in the premises, sustained Defendant in Error's demurrer."

Inasmuch as all the exhibits referred to were such as concerned only the alleged failure of the General Assembly to comply with constitutional requirements in the passage of the act in question, it would seem that the trial court intended to rely solely upon ground (3) as

the basis for declaring the amended complaint insufficient.

However, let us consider the merits of all five grounds as if the trial court intended to hold the amended complaint insufficient on each of them.

Ground (1) is clearly not a valid one, for the trial court had jurisdiction both of Barksdale's person and of the subject matter.

 Ground (2) constitutes a general demurrer. Thereunder of course the amended complaint is to be read in the light most favorable to the pleader. The special violation of the act here involved and the applicable provisions of the act are so fully and clearly set forth that we have no hesitancy in upholding the amended complaint as against this ground, since neither the record itself nor the briefs or oral arguments contained a hint of any contention of insufficiency in pleading except on account of the constitutional points attempted to be raised in grounds (3), (4) and (5). None of these contentions, and none of the facts relating to them, is affirmatively apparent from the amended complaint, the only thing to be considered on demurrer. It must be remembered that a presumption of constitutionality attaches to the act in question, as it does to all legislation passed by the General Assembly. This presumption abides unless it is shown, beyond a reasonable doubt, to be false.

██ ██ Ground (3), alleging the failure of the General Assembly properly to pass the act in question, is manifestly a bare legal conclusion, devoid of any statement that could suggest the ultimate facts in the demurring party's mind, and having no relation to any allegation of the amended complaint itself; so that, for this reason apart from all others, the ground is without merit. But we may go farther and say that the exhibits introduced by no means establish, beyond a reasonable doubt or in any other way, that the Constitution has been violated as ground (3) claims. In this connection Barksdale mistakes the meaning of section 23 in article V of

6

the Constitution of Colorado. The section would have reference to any amendments that might have been made to the bill by the Senate (not involved here under the present record) and to the report of a conference committee, which of course is entirely different from the committee of the whole.

Ground (4) is equally ineffective for the reason that the facts stated in the amended complaint do not serve as a sufficient affirmative basis for declaring the act unconstitutional in any of its parts. In fact, it is difficult to see what the argument on the amended complaint as it stands might be to show its unconstitutionality under the pleading merely considered as such.

Ground (5), raising the contention that the General Assembly has unlawfully delegated legislative authority to the Industrial Commission, is so contrary to all sound decisions with reference to the administrative phase of modern social and economic legislation that no authorities need be cited.

It will be observed that the trial court, by admitting evidence while considering a demurrer, ignored the sharply defined code difference between the trial of a purely legal issue and the trial of an issue of fact. Especially in disposing of constitutional objections is it important to give a full hearing, first in regard to the proper allegations in pleadings, and then—as a rule—on the facts, which after all must usually determine whether a particular situation dealt with by the legislative branch does or does not justify a particular enactment, and whether or not in some respects, not appearing from the allegations themselves, the General Assembly has overstepped the constitutional bounds.

The issue of invalidity on constitutional grounds should be presented by an affirmative pleading. *Colorado & Southern Co. v. Davis,* 21 Colo. App. 1, 120 Pac. 1048.

In the light of our discussion we hold that the trial court erroneously sustained the demurrer interposed to the amended complaint. The case is remanded

to the district court with directions to overrule the demurrer and to grant Barksdale leave to plead over with a view to speedy framing of the issues for a trial on the merits.

Judgment reversed with directions.

MR. JUSTICE BURKE dissents.

MR. JUSTICE BAKKE and MR. JUSTICE KNOUS not participating.