Suit in equity by Lykes Brothers, Incorporated, and others, against Board of Commissioners of Everglades Drainage District, a public quasi corporation, and others, to enjoin defendant district from dedicating certain of its land for water conservation purposes pursuant to Special Acts 1947, cc. 24417, 24465, 24788, on ground that the local laws are unconstitutional. The Board of Supervisors of Napoleon B. Broward *Page 899 
Drainage District, the Board of County Commissioners of Palm Beach County, and Board of County Commissioners of Dade County intervened and the Everglades Drainage District filed a counterclaim for declaration of its rights with respect to its authority to dedicate its lands for water conservation purposes under F.S.A. § 298 App. 1530(1) et seq. From decree dismissing amended bill of complaint, the complainants appeal.
Reversed with directions.
The appeal is from a decree granting a motion to dismiss an amended bill of complaint.
The appellants, who are landowners and taxpayers in the Everglades Drainage District and who own bonds issued by the District, brought a suit in equity to enjoin the District from dedicating certain of its lands to water conservation purposes pursuant to chapters 24417, 24465, and 24788, Special Laws, 1947. The appellants alleged in their bill that they had never received any benefits from the District and from the works and improvements which had been made by the District and that their lands were not susceptible to the benefits which it was thought might accrue from the conservation areas to be created pursuant to the aforesaid local laws; that the action of the District in dedicating its lands to water conservation purposes pursuant to said local laws would, to the extent of the lands dedicated, take from the debt service fund of the District created by law for the retirement of bonds a potential asset in the way of proceeds which might be realized from the sale of such lands which otherwise would be available for the retirement of outstanding bonds, thereby depleting the debt service fund to such an extent as to require substantial additional ad valorem taxes from the appellants for works or improvements for which they or their lands would receive no benefits. They alleged, further, that chapters 24417, 24465 and 24788, the local laws pursuant to which the District proposed to dedicate its lands to water conservation purposes, are unconstitutional and void for the reason that no notice of intention to apply for the passage thereof was ever published in the manner required by section 21, Article III of the Constitution and that said local laws were never ratified or approved at a referendum election called and held in the territory to be affected as prescribed by section 21, Article III of the Constitution.
After suit was instituted, the Board of Supervisors of Napoleon B. Broward Drainage District, the Board of County Commissioners of Palm Beach County, and the Board of County Commissioners of Dade County were allowed to intervene "but not in recognition of the propriety of the main proceedings"; and these intervenors, and the Everglades Drainage District, filed answers and motions to dismiss the bill of complaint, on the grounds, among others, that the bill failed to state a case entitling the appellants to equitable relief; that it did not appear from the bill that any substantial legal rights of the appellants had been impaired by the acts of the District, either as taxpayers or bondholders; and that it did not appear from the bill that the legislative acts therein described were unconstitutional as to the appellants. The Everglades Drainage District also filed a counterclaim in which it asked for a declaration of its rights with respect to its power and authority to dedicate its lands for water conservation purposes under chapter 14717, General Laws 1931 as amended by chapter 20658, General Laws 1941, F.S.A. § 298 App. 1530(1) et seq., these being the general laws under which the District was created and pursuant to which the bonds of the District were issued.
In due course the motions to dismiss were argued. At the hearing the chancellor entered an order finding that the challenged *Page 900 
acts were constitutionally valid and that the motions to dismiss should be granted, with leave to the appellants to amend. Subsequently, an amended bill was filed by the appellants and the defendant and the intervenors moved to dismiss the amended bill on the same grounds interposed to the original bill.
At the hearing on the motions, the chancellor found that the allegations of the bill as amended were substantially the same as those contained in the original bill and were not sufficient to entitle the appellants to equitable relief; and a final decree was entered dismissing the amended bill at the costs of the appellants. The appellants have perfected their appeal from this final decree.
Under our chancery practice, the function of a motion to dismiss a bill of complaint is to test the sufficiency of the bill as a pleading to determine whether it states a cause of action entitling the pleader to equitable relief in the event he sustains the material allegations of his bill by a preponderance of the evidence. The motion admits the well-pleaded allegations of the bill for that purpose only and should be denied if the complaint states any grounds for equitable relief. Archibald v. Curry, 140 Fla. 189, 191 So. 308. On an appeal from an order granting a motion to dismiss a bill of complaint, the basic question, therefore, is whether the bill contains any equity as against the party who files the motion; and if it does the motion should be denied and the plaintiff allowed to adduce evidence in behalf of his pleading.
It is the established rule that before a person will be heard to question the constitutionality of an act of the legislature he must show that his personal or property rights will be injuriously affected by its operation. Where he is unable to show, as a matter of fact, that he will suffer injury or prejudice by the enforcement of such a statute he will not be heard to question its constitutionality. State ex rel. Landis v. Dyer, 109 Fla. 33, 148 So. 201; State ex rel. Pringle v. Dykes,127 Fla. 665, 173 So. 904; Hillsborough Investment Co. v. Wilcox,152 Fla. 889, 13 So.2d 448; State ex rel. Watson v. Kirkman,158 Fla. 11, 27 So.2d 610. So it is that in every suit involving an attack upon the constitutionality of a statute two related issues are presented for determination. The first is the question of the right of the plaintiff to challenge the constitutionality of the statute because of some infringement of his personal or property rights; the second is the question of the constitutionality of the statute assailed. The first issue is one of fact, which will ordinarily require the submission of evidence before the issues can be determined, except in those relatively rare cases, where by the application of natural laws or of facts of which the court may properly take judicial notice, the submission of evidence may not be necessary for a proper consideration of the basic validity of the statute assailed. The second issue is one of law or, perhaps, of mixed fact and law, as to which the submission of evidence may or may not be necessary, depending upon the nature of the statute brought in question and the scope of its threatened operation as against the party attacking the statute.
Considering the amended bill of complaint in the case purely from the standpoint of a pleading, we find ourselves unable to say that it wholly fails to set forth a cause of action. The appellants have alleged, in substance, that their lands have not and will not be benefitted by the proposed dedication of District lands for water conservation purposes and that their lands will not be susceptible to benefits in the event the dedications are made and water conservation areas are established. They allege that if District lands are dedicated for water conservation purposes pursuant to the local laws involved, the dedicated lands cannot be sold to private buyers and hence proceeds which normally would be derived from such sales will not be available to augment the Debt Service Fund of the District for the retirement of outstanding bonds; with the result that ad valorem taxes on private lands in the District, including the lands of the appellants, will be substantially increased for the retirement of District obligations, without corresponding *Page 901 
benefits. They allege, further, that the local laws under which the District proposes to make the dedication of lands are void and unconstitutional because they were not enacted in conformity with the terms of section 21, Article III of the Constitution.
We entertain the view that, though the amended bill is lacking in many of the specific and definite allegations as to an "infringement of personal or property rights" which would be appropriate to sustain the appellants' right to attack the constitutionality of the statutes brought in question, the appellants should be given the opportunity to submit evidence within the scope, and in support of, the allegations of their bill, so that it may be determined as a question of fact whether, in truth, they have the right to assail the challenged statutes and, if so, whether the statutes are unconstitutional on any grounds urged by the appellants.
If upon a hearing on the merits the appellants can establish, as a matter of fact, that their constitutional rights have been or will be violated, it will then be time enough to pass upon the constitutionality of the local law in question. If upon such hearing the appellants fail to prove that their personal or property rights have been impaired by the operation of the challenged legislation, then there would be no occasion for the court to pass upon the question whether the local laws are unconstitutional; for if the appellants have not been prejudiced by the operation of the local laws involved they cannot question their validity. See Kirk v. Douglass, 190 S.C. 495, 3 S.E.2d 536; Borden's Farm Products Co. v. Baldwin, 293 U.S. 194, 55 S.Ct. 187, 79 L.Ed. 281; Picking v. Pennsylvania R. Co., 3 Cir., 151 F.2d 240; People v. Barksdale, 104 Colo. 1, 87 P.2d 755; Weiskopf v. City of Saratoga, 269 N.Y. 634, 200 N.E. 33.
For the reasons stated, the decree appealed from is reversed with directions that the amended bill be reinstated, and that a time be fixed by the Chancellor for filing answers thereto.
It is so ordered.
TERRELL, Acting Chief Justice, CHAPMAN and HOBSON, Justices, and WHITE, Associate Justice, concur.
THOMAS, Justice, and BROWN, Associate Justice, dissent.