No. 19,369.

THE PEOPLE OF THE STATE OF COLORADO *v.* J. ALBRECHT.
(358 P. [2d] 4)

Decided December 30, 1960.

Mr. DUKE W. DUNBAR, Attorney General, Mr. BERT M. KEATING, District Attorney, Mr. GREGORY A. MUELLER, Chief Deputy District Attorney, Mr. GILBERT A. ALEXANDER, Deputy District Attorney, Mr. LEONARD V. CARLIN, Deputy District Attorney, for plaintiff in error.

Messrs. SHERMAN AND GLASTON, for defendant in error.

*En Banc.*

PER CURIAM.

J. ALBRECHT, hereinafter referred to as defendant, was charged in justice of the peace court with violation of C.R.S. '53, 80-18-10, relating to employment agencies, the applicable provisions of which in substance are: That it shall be lawful for any person engaged in the business of an employment agent to charge any person applying for work as a day laborer or mechanic, a fee for his service equal to five per cent and no more of one month's wages and board. In the case of females, three per cent and no more of one month's wages and board. The defendant was found guilty, fined, and her license as an employment agent revoked. She appealed to the Superior Court.

When the matter came on to be tried in the Superior

Court, the defendant entered a plea of not guilty; admitted she had committed all the acts alleged in the criminal complaint; but by way of defense asserted she was not guilty because the statute in question is unconstitutional. Defendant filed a "Demurrer or Motion to Quash Criminal Complaint" in which she challenged the constitutionality of the statute and alleged, inter alia: That due to changed conditions since its enactment in 1891, the statute in its practical application has become unreasonable, arbitrary, confiscatory, and deprives her of her property without due process of law.

It was stipulated that the facts alleged in the complaint and information were true and defendant was charged and properly convicted in the justice court for violation of the statute and her license properly revoked; or she was charged under a statute that is void.

Following defendant's admissions, asserted justification and the stipulation of counsel, defendant's "Demurrer of Motion to Quash Criminal Complaint" was considered, in connection with the entire issue. Defendant was permitted, over the vigorous objection of the People, to introduce evidence relative to the operation and effect of the statute upon which the criminal charge was based. Several witnesses testified, and from the evidence adduced it was shown, without contradiction, that there are approximately sixty employment agencies in Colorado, about forty of them in Denver. All are licensed and bonded. Licensees must meet the statutory character and business method requirements in practice; special training and education are required; most are small businesses with husbands and wives or families operating the agencies; they have an association to study methods, have adopted a code of ethics and provide their own sanctions within the trade. The industry is subject to severe competition among private agencies and must compete with the free employment service of the State of Colorado. In recent years there has been a vast in-

crease in operating cost and expenditures, and it would be impossible to exist under the statutory fixed fee.

The Industrial Commission, the licensing authority, would not entertain a complaint where a charge of ten per cent was collected for this type of employment, and has tried repeatedly to persuade the legislature to change the statute. All operators of employment agencies who testified, and apparently all such operators in the state, charge fees substantially in excess of the statute, asserting that if they did not do so they could not stay in business. The history of conditions prevailing when the statute was enacted was narrated illustrating the marked changes in economic and social conditions which have occurred since its enactment. Defendant testified in detail to facts and circumstances related to her business proving that she could not stay in business if limited to the fee schedule provided by the statute.

Some of the witnesses were cross-examined by the district attorney, but he produced no witnesses to counter the evidence adduced on behalf of the defendant, although given ample opportunity to do so.

The trial court found that, although defendant's motion to quash the information was considered, the hearing was, for all intents and purposes, a hearing on the merits, and both court and counsel considered the hearing as determining the entire issue, including the constitutionality of the statute. It held that technical violation having been admitted, it was proper to admit evidence extrinsic to the charge in the information, that due to changed conditions since its enactment the fee-rates prescribed by the statute were unreasonable, confiscatory, prohibitory, and deprived the defendant of her property without due process of law; held the statute to be unconstitutional and dismissed the action. By writ of error the People seek a reversal and a disapproval of the ruling and judgment.

The points urged by the People for reversal are:

(1) The trial court committed error in allowing de-

fendant to present evidence outside the record to substantiate her Demurrer or Motion to Quash.

(2) Conceding, but not admitting, that the trial court properly admitted the evidence in controversy, was such evidence sufficient as a matter of law and fact to establish that enforcement of the statute would deprive defendant of her property and liberty without due process of law?

 Only the first point was seriously urged in the oral arguments before this court. Under the facts of this case it is unnecessary to determine whether a demurrer and motion to quash can raise a constitutional question permitting the introduction of evidence of extraneous matter. The law looks through names and sees only the thing the name stands for. The pleading may have been titled "Demurrer or Motion to Quash," but the substance and context assert that the defendant is not guilty because the statute is invalid. It clearly appears that the hearing was essentially on the merits and was so considered by court and counsel; the question of the validity of the statute was inherent in every element considered by the trial court. The hearing was basically on defendant's admissions and on the matters presented by her as justification for her conduct. It is axiomatic that a defendant in a trial on a criminal charge, can always be heard to advocate, and introduce evidence to support, the defense and justification claimed for the alleged unlawful acts. Here the alleged invalidity of the law under which Mrs. Albrecht was charged was her defense, and was the means by which she protected her right to remain in business, a valuable property right. The demurrer and motion to quash was, in effect, a plea of not guilty. The motion was not argued primarily to defeat the information without trial, the usual function of a demurrer or motion to quash. The defendant admitted the acts charged in the information, but urged she had committed no punishable offense because of the unconstitutionality of the statute. This segment of the

trial was on issues of fact. The trial court stated in this connection, inter alia:

" * * * since the defendant admitted the allegations of the complaint and, in fact, admitted the facts of the complaint, no good purpose would have been served, and time would have unnecessarily been consumed, to have permitted the presentation of this matter divisibly, both on the motion and on the merits. Both Court and counsel considered the hearing on the motion to quash as a hearing on the entire issue, thereby putting in focus the constitutionality of the statute, the facts relative to the commission of the violation having been admitted as aforesaid."

The court could not have determined the validity of this statute without a full hearing. As was observed in *People v. Barksdale,* 104 Colo. 1, 87 P. (2d) 755:

"Especially in disposing of constitutional objections it is important to give a full hearing, first in regard to the proper allegations in pleadings, and then — as a rule — on the facts. * * *."

█ Where the existence of a rational basis for legislation, the constitutionality of which is attacked, depends upon facts beyond the sphere of judicial notice, such facts may properly be made the subject of judicial inquiry, and the constitutionality of a statute predicated upon the existence of a particular state of facts may be challenged by showing to the court that those facts have ceased to exist. *U.S. v. Carolene Pro. Co.,* 304 U.S. 144, 153, 58 L. Ed. 778; *Oklahoma Operating Co. v. Love,* 252 U.S. 331, 40 Sup. Ct. 338; *Murphy v. Eldredge,* 207 P. (2d) 260 (Okla.).

From 16 C.J.S., section 97, p. 356, we quote:

" * * * where the determination whether a statute is unreasonable, arbitrary or not related to the ends proposed turns on factual considerations, the court may consider such facts and hear evidence with respect thereto. So where the validity of a statute is based on the existence of a certain set of facts, and the statute is chal-

lenged as applied to new circumstances, the court must admit evidence to sustain the challenge."

Under the particular facts disclosed by this record the trial court did not err in admitting extrinsic evidence, going beyond the bare face of the criminal information and beyond the sphere of judicial notice.

▇ The People suggest that, even if extrinsic evidence was properly admitted, it was insufficient to support a finding that the statute is unconstitutional. With this premise we cannot agree. A statute not objectionable on its face, may be adjudged unconstitutional because of its effect in operation. *People v. Clifford,* 105 Colo. 316, 98 P. (2d) 272. A statute valid when enacted may become invalid by change in the conditions to which it is applied. *Nashville C. & St. L. Ry. v. Walters,* 294 U.S. 405, 55 Sup. Ct. 486.

The rationale and the fundamental rule expressed by Mr. Justice Cordozo in *Municipal Gas Co. v. Public Service Comm.,* 121 N.E. 772 (N.Y.), is pointedly applicable here, he said:

"But the argument is that a statute is either valid or invalid at the moment of its making, and from that premise the conclusion is supposed to follow that there is a remedy for present confiscation, but none for confiscation that results from changed conditions. We do not view so narrowly the great immunities of the Constitution, or our own power to enforce them. A statute prescribing rates is one of continuing operation. It is an attempt by the Legislature to predict for future years the charges that will yield a fair return. The prediction must square with the facts, or be cast aside as worthless. * * * Into every statute of this kind, we are to read, therefore, an implied condition. The condition is that the rates shall remain in force at such times and at such only as their enforcement will not work denial of the right to a fair return."

From the evidence set out above, and the record as a whole, we conclude that the provisions of Chapter 80,

Article 18, Section 10, C.R.S. 1953, as applied to the defendant are unreasonable, prohibitory, and confiscatory; deny her right to engage in competitive private business and deprive her of her property without due process of law in contravention of the Fourteenth Amendment to the Constitution of the United States and of Article II, section 25, of the Constitution of the State of Colorado.

Other points urged in the briefs and argument need not be considered. The trial court correctly determined the issues which were voluntarily submitted, and no irregularity in procedure requires a reversal of the judgment.

The judgment accordingly is affirmed.

MR. JUSTICE HALL did not participate.