LONNIE SCELESTINE HALE, Plaintiff in Error, v. STATE OF TENNESSEE, Defendant in Error.

453 S.W.2d 424.

Court of Criminal Appeals of Tennessee. Dec. 31, 1969.

Certiorari Denied by Supreme Court April 6, 1970.

Roger E. Jenne, Bristol, for plaintiff in error.

David M. Pack, Atty. Gen., Thomas E. Fox, Deputy Atty. Gen., Nashville, Carl Kirkpatrick, Dist. Atty. Gen., Edgar P. Calhoun, Asst. Dist. Atty. Gen., Blountville, for defendant in error.

## OPINION

GALBREATH, Judge.

In this case there are no disputes as to the facts, which, for the most part, were freely admitted by the

plaintiff in error who appeals from a conviction and five year Penitentiary sentence for burglary in the first degree in the Criminal Court of Sullivan County. Trial by jury was waived although there does not appear to have been compliance with the provisions of T.C.A. § 40-2504 which sets out that such a waiver should be predicated upon a motion "seasonably made by the defendant, concurred in by the district attorney-general, and granted by the court, said motion being attested to by the defendant and his attorney and spread upon the minutes of the court." This complex ritual for waiver of trial by jury in a felony case was enacted to prevent a hasty, ill-considered waiver of such a valuable and fundamental constitutional right. However, in this case, no objection has been raised on behalf of the plaintiff in error and there is no doubt that she did intend to waive her right to jury trial as set out in the judgment of the court.

In any event, this case must be reversed. Not on the facts in the record, but from a lack of proof. The defense interposed to the crime was that of fear and duress. The plaintiff in error had been married to one Ernest Hale for some twelve years. It is shown without dispute that she drove her husband and two young boys, one her brother, to the vicinity of a house on Spruce Street in Bristol. Her husband, who absconded and was not tried, had told the plaintiff in error and the two sixteen year old lads that he was going to break into the house. The plaintiff in error, in a statement given to the police investigating the break-in and at her trial, gave as her only reason for accompanying the defendant to the vicinity of the crime and waiting for him in the automobile that her husband had threatened to, as she put it, "beat the hell out of me" if she refused.

· When the plaintiff in error took the stand as a witness in her own behalf she detailed how her husband, described throughout the case by all, even prosecution witnesses, as a "violent" person, had treated her in the hours preceding the crime. How he had consumed some thirty cans of beer. How on one occasion he struck her with an iron pipe or lug wrench. How he threatened to beat her if she did not drive him to the victim's house. The trial judge would not allow any testimony as to any previous acts of violence or misconduct directed against the defendant in this case. When she sought to introduce evidence as to beatings in the past, the court promptly sustained the State's objections, saying, "I don't want to listen to twelve years of her married life." It was carefully pointed out to the court that the purpose for the proffered evidence was to prove "what, if anything, he [the husband] has done to her to cause her to fear for her life, or that he would do grave bodily harm to her." The court ruled that the only proof admissible on the question of fear and coercion would be that occurring on the evening of the crime as shown from the following excerpt from the record:

"THE COURT: * * * I think present and eminent means at the time of the commission of the offense. Now, I've allowed you to—to let her show what his physical actions were toward her the evening of this offense, but I'm not going to allow you to go into what —how he treated her during the course of their married relationship. If he had treated her brutally a month before, would that be coercion to commit an offense on this particular night that this offense allegedly occurred?

MR. JENNE: Your Honor, please, I feel it's admissible to show a pattern—to show that she had reasonable cause for her fears.

THE COURT: Well, I'm sustaining the objection. You can save exception.

MR. JENNE: I'll do so. Save exception."

The trial judge should have allowed the defendant to have presented such proof as she may have had to show upon what basis, if any, her fear of the person allegedly intimidating her rested. It may have resulted that the trier of facts would not have believed such evidence if he had listened to it, but it is inescapable that he could not believe it if not presented. If the defendant herein is prevented from telling the court the only facts she has to support her legal position, then there is no way she can establish it. As was held by the Supreme Court of Colorado in People v. Albrecht, 145 Colo. 202, 358 P.2d 4:

"It is axiomatic that a defendant in a trial on a criminal charge, can always be heard to advocate, and introduce evidence to support, the defense and justification claimed for the alleged unlawful acts."

More directly on the issue involved here it has been held:

"However, the testimony of the defendant that the acts complained of were committed by her solely by reason of such fear and duress justified the admission into evidence of all transactions and acts done by both said Tom White and appellant during the entire time of their association together." People v. White, 137 Cal. App. 467, 30 P.2d 555, D.C.A.2d Dist., Div. 1, Calif.

Suppose the defendant below had described how she witnessed her husband threaten a former wife with great bodily harm if she did not obey some whim and then saw him plunge a knife into his spouse's heart? What if she had told the lower court of almost daily beatings and threats throughout the marriage, including severe abuses on prior occasions when she had asked the police and courts for protection? Who can say what effect such testimony if offered, or other of similar vein, would have had on the outcome of the trial? The refusal of the court to hear any testimony of past conduct relied upon by the defendant as the sole basis for the alleged fear that prompted her actions in this case denied her an opportunity to defend herself and was error.

The judgment of the trial court is reversed and the cause remanded for a new trial.

WALKER, P. J., concurs.

OLIVER, J., concurs in result only.