[Crim. No. 2008. First Appellate District, Division Two.—March 17, 1938.]

THE PEOPLE, Respondent, v. HENRY RODRIGUES, Appellant.

Alfred J. Hennessy for Appellant.

U. S. Webb, Attorney-General, and William F. Cleary, Deputy Attorney-General, for Respondent.

NOURSE, P. J.—The defendant, with two others, was jointly charged in an information with a violation of the State Narcotic Act—having "in their possession a preparation of cocaine." All waived trials by jury and went to trial to the court. One was acquitted, another changed his plea to guilty, and this appellant was found guilty after trial. His motion for a new trial was denied.

His sole point on appeal is that the evidence is insufficient to support the judgment. There is no conflict. The three defendants were apprehended in a room rented by the one who pleaded guilty. As the officers entered, the appellant approached the window and threw some of the

narcotics outside.    They were found in the light well and were shown to have been in the same type of container as others found in the room.

The appellant's argument is that he could not have had exclusive possession because his codefendant rented the room and must be deemed in possession of everything found there. But exclusive possession need not be shown where two or more parties are jointly charged.    Here the facts fully justify the inference that appellant was in possession of so much of the drug as he threw out of the window, and that is sufficient to sustain the judgment.    The judgment is fully supported by *People* v. *Sinclair*, 129 Cal. App. 320 [19 Pac. (2d) 23].

The judgment and the order denying a new trial are affirmed.

Sturtevant, J., and Spence, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on April 14, 1938. Houser, J., voted for a hearing.