[Crim. No. 4417. Second Dist., Div. Two. May 8, 1950.]

## THE PEOPLE, Respondent, v. BILL KOOKAS AGAJANIAN, Appellant.

Leland E. Zeman for Appellant.

Fred N. Howser, Attorney General, and William E. James, Deputy Attorney General, for Respondent.

WILSON, J.—Defendant and one Garcia were charged by information, in two counts, with the violation of section 11500* of the Health and Safety Code. Both defendants entered pleas of not guilty, Garcia later withdrawing his plea and entering a plea of guilty as to count 1. Count 2 was dismissed as to defendant Agajanian and after a trial by jury he was found guilty as charged in count 1, possession of the flowering tops and leaves of Indian hemp (cannabis sativa), commonly referred to as marijuana. His motion for new trial and his application for probation having been denied, defendant appeals from the judgment and from the order denying his motion for a new trial.

As grounds for reversal defendant contends: (1) the jury was improperly instructed; (2) the court erred in admitting certain testimony over his objections; (3) the district attorney was guilty of prejudicial misconduct; (4) the verdict is contrary to the law and the evidence.

Tracy A. Bjorklund, deputy sheriff, testified that he saw defendant and Garcia get out of a rubbish truck and go into the rear of a one-story residence; he and three other officers followed them, pushed the door open and walked in; defendant and Garcia were in the room they entered, a bedroom underneath the house which was built on a sloping hill; Garcia was in the middle of the room and defendant was in the far corner to the left; he saw defendant making a motion, apparently picking up something from the bed; as defendant raised his hand he had in it what appeared to be a marijuana cigarette, the end being folded in a manner characteristic of such cigarettes; he saw defendant reach up over a curtain, put his hand in back of it and remove his hand; there was nothing in his hand when he removed it; the curtain covered an opening about 4 feet wide and 6½ feet high; a person could pull the curtain back and go underneath the house in back of the room; he asked defendant what he had thrown behind the curtain; defendant did not answer; he went behind the curtain and found 28 cigarettes scattered on the ground; other objects were on the ground but they were 5 or 6 feet away; thereafter he, together with the other officers, searched both rooms in the

*Section 11500 reads: "Except as otherwise provided in this division, no person shall possess, transport, sell, furnish, administer or give away, or offer to transport, sell, furnish, administer, or give away, or attempt to transport a narcotic except upon the written prescription of a physician, dentist, chiropodist, or veterinarian licensed to practice in this State."

presence of defendant and Garcia; among other things they found cigarettes in the pocket of some trousers hanging in the closet, a hypodermic needle, a spoon and an eyedropper, a bundle of cellophane, nine cigarettes wrapped in newspaper and a Prince Albert tobacco can in the pocket of a corduroy coat hanging in the closet, a small manila envelope containing white powder, a small bindle in the pocket of a leather jacket hanging in the closet, a box containing a leafy, alfalfa looking substance, and a pipe; he again asked defendant what he had thrown behind the curtain, whether he had thrown anything there, and defendant said ''no''; he asked Garcia whether all the clothing in the closet was his and he said ''yes''; Garcia said ''the narcotics are mine'' and said he lived in the house and all the clothes and everything in the house were his.

A chemist testified that he made a microscopic examination of the 28 cigarettes and determined that they contained marijuana.

*Jury Instructions.* ■ Defendant contends that the failure of the trial court to instruct the jury on the matter of expert testimony pursuant to section 1127b of the Penal Code constitutes reversible error. The jury was instructed that they were the sole and exclusive judges of the effect and value of evidence and of the credibility of the witnesses. Defendant stipulated as to the qualifications of the chemist to give an expert opinion. Moreover, it does not appear that there was any dispute as to the narcotic content of the cigarettes. Garcia, who testified on behalf of defendant, was asked whether he remembered the officer picking up the bundle of marijuana cigarettes and replied that he did and that they were his; upon being asked whether he had had any other marijuana cigarettes in the room he testified that he had some in his pants pockets. Although the failure to give the statutory instruction was error, upon reviewing the entire cause, including the evidence, it would be unreasonable to believe a different verdict would have been rendered had the omitted instruction been given. Since the error did not result in a miscarriage of justice it does not constitute reversible error. (Cal. Const., art. VI, § 4½; *People* v. *Williamson,* 134 Cal. App. 775, 781 [26 P.2d 681] ; *People* v. *Brac,* 73 Cal.App.2d 629, 639 [167 P.2d 535].)

Defendant asserts that the court erred in failing to instruct the jury (1) on the matter of circumstantial evidence; (2) that where evidence is susceptible of two reasonable constructions it is the duty of the jury to adopt that pointing to innocence

and acquit the defendant; (3) that all instructions are to be considered as a whole; (4) in regard to rulings on objections to evidence; (5) on the matter of inferences and presumptions; (6) that defendant is a competent witness in his own behalf and (7) that the exhibits marked for identification but not received in evidence were not to be considered by the jury.

The evidence was not circumstantial, as contended by defendant, but was direct evidence. Officer Bjorklund's testimony concerning defendant's motion, apparently picking up something, raising his hand, having in it what appeared from the manner in which it was folded to be a marijuana cigarette, his reaching over a curtain, his empty hand when removed, the officer's finding 28 marijuana cigarettes on the ground and no other loose objects nearby, was direct evidence of defendant's possession of the forbidden article. Defendant relies on *People* v. *Bender,* 27 Cal.2d 164 [163 P.2d 8]. In that case the evidence was entirely circumstantial. In the instant case it was not necessary for the jury to draw inferences when they had the direct evidence of Officer Bjorklund. The court is not required to instruct upon the rules of law applicable to circumstantial evidence when it is incidental to and corroborative of direct evidence. (*People* v. *Jerman,* 29 Cal.2d 189, 197 [173 P.2d 805] ; *People* v. *Lapara,* 181 Cal. 66, 70 [183 P. 545] ; *People* v. *Nunn,* 65 Cal.App.2d 188, 194 [150 P.2d 476].) The rule stated in the cases cited by defendant is applicable only where the evidence is entirely or largely circumstantial and is not pertinent in the instant case.

Although defendant contends the court erred in failing to instruct the jury that all instructions are to be considered as a whole and in failing to instruct regarding rulings on objections to evidence, it does not appear from the record that defendant requested such instructions nor does he give any reason for the necessity thereof or show wherein he was prejudiced.

Defendant asserts the court erred in failing to instruct the jury on the matter of inferences and presumptions; that the evidence rests largely on what inferences the jury might draw from defendant's presence in the room and that the jury must have drawn therefrom an inference of ownership or possession. Since there was direct evidence connecting defendant with possession, failure to give the instruction was not prejudicial.

Defendant further maintains that the court erred in

failing to instruct the jury that he is a competent witness in his own behalf and that his testimony is to be judged by the standard applicable to any other witness, citing *People* v. *Rodundo,* 44 Cal. 538. Defendant did not request such an instruction and the case cited holds that if a defendant in a criminal case becomes a witness in his own behalf and gives testimony tending to exonerate himself the court need not on its own motion instruct the jury as to the credit to be given his testimony; that only when there is something peculiar in the testimony itself or in the manner of giving it or in the circumstances surrounding the case is the court required to explain to the jury how they should consider and weigh the testimony.

Defendant contends it was error for the court not to instruct the jury that exhibits marked for identification but not received in evidence were not to be considered by the jury. Defendant did not request such an instruction. At the close of the prosecution's case defendant's counsel stated: "I am just wondering at this time whether your Honor, having shown all these things to the other witnesses, spoons and eyedroppers, whether it would not be proper at this time before I open my case to admonish the jury at this time that the other exhibits have nothing to do with this case." The court then stated: "They are not in evidence. There is nothing before the Court at this time in that respect. It is quite obvious that the District Attorney is abandoning Count 2 of the amended information." The district attorney thereupon stated that he had no evidence on count 2 and at that time moved to dismiss it. The motion was granted and defendant's counsel then stated: "Now the only thing we are proceeding with is the cigarettes." The court remarked "That is right." It is apparent from the above that the jury could have been under no misapprehension with respect to exhibits 2 to 14 and that the only exhibit which was in evidence and which they needed to consider was exhibit 1, the 28 cigarettes.

*Testimony admitted over objection.* Defendant contends that the court erred (1) in permitting the prosecution over his objection to cross-examine the witness Garcia concerning an alleged conversation with Bjorklund; (2) in permitting Bjorklund to testify that he had the alleged conversation with Garcia; (3) in admitting Bjorklund's testimony regarding the alleged conversation because there was no testimony in the record to show the marijuana cigarettes were the same as those supposedly obtained by any joint enterprise and (4)

in not permitting defendant to testify on surrebuttal as to whether he had ever "beat anyone out of some marijuana."

Garcia was called as a witness on behalf of defendant. On direct examination he testified that defendant had nothing to do with the marijuana in the room or with the marijuana which was in the 28 cigarettes. Garcia was asked on cross-examination whether he had stated to Bjorklund that he and defendant "had beat someone out of a pound and a half of marijuana" and that they had divided it three ways, defendant getting one third of it. Defendant objected to the question upon the ground that it was hearsay. The testimony was admitted for the purpose of impeachment only and the jury was so instructed.

The testimony of Bjorklund was introduced solely for the purpose of impeachment. Moreover, no objection was made by the defendant to the testimony of either Garcia or Bjorklund upon the ground that it was not within the scope of the direct examination and was upon a collateral matter, the objection to the testimony being only upon the ground that the alleged conversation was not in the presence of defendant and was hearsay. There was no error in the court's overruling the defendant's objection that it was hearsay when it was offered solely for the purpose of impeachment and the objection now raised cannot be urged for the first time on appeal. Defendant made no motion to strike. A defendant is deemed to have waived all grounds of objection not stated by him. An objection cannot be made for the first time on appeal and the precise ground of objection must be made at the time of its offer. (*People* v. *Lindsey,* 90 Cal.App.2d 558, 567 [203 P.2d 572]; *People* v. *Sellas,* 114 Cal.App. 367, 378 [300 P. 150].)

Also untenable is defendant's contention that it was error for the court to decline to allow him on surrebuttal to testify as to whether he had beaten anyone out of marijuana. As hereinabove stated, the testimony was introduced solely for the purpose of impeaching the witness Garcia by showing he had made a prior inconsistent statement. Consequently any testimony as to whether or not defendant had assisted Garcia was not proper surrebuttal and would not have constituted "rehabilitation" of Garcia's credibility since it did not relate to any prior statement of the witness.

*Alleged misconduct of the district attorney.* Defendant's assertion that the district attorney was guilty of misconduct during the trial is based upon his theory that exhibits

2 to 14, consisting of the various articles found in Garcia's room, were improperly before the jury; that the district attorney had no intention of offering them in evidence and his only purpose was to influence the jury to defendant's prejudice. The exhibits referred to were not in evidence and it was made clear to the jury that they were not in evidence and that the only exhibit which was introduced against defendant was exhibit 1, consisting of the 28 cigarettes. We find no prejudicial misconduct upon the part of the district attorney.

 *The evidence.* Finally defendant contends that the verdict is contrary to the law and the evidence. He maintains that the cigarettes were found in Garcia's room; that no cigarettes were found on defendant's person and that therefore they were not in his custody or under his dominion or control. There is no merit in defendant's contention. The testimony of Bjorklund was ample evidence that defendant had in his possession one of the marijuana cigarettes; that he disposed of it behind the curtain and that it was found among the 28 cigarettes on the floor, there being no other loose objects nearby. The facts are similar to those in *People* v. *Rodrigues,* 25 Cal.App.2d 393 [77 P.2d 503]. In that case the defendant and two others were jointly charged with violation of the State Narcotic Act. One of the defendants pleaded guilty. The three men were apprehended in a room rented by the one who pleaded guilty and as the officers entered, Rodrigues threw some of the narcotics outside. They were found in a light well and were shown to have been in the same type of container as others found in the room. The defendant there argued that he could not have had exclusive possession because it was his codefendant's room. The court held that the facts fully justified the inference that defendant was in possession of so much of the drug as he threw out the window, which was sufficient to sustain the judgment.

Judgment and order affirmed.

Moore, P. J., and McComb, J., concurred.