[Crim. No. 5128. Second Dist., Div. Two. June 14, 1954.]

## THE PEOPLE, Respondent, v. CAGER NORRIS, Appellant.

Minsky & Garber, under appointment by the District Court of Appeal, for Appellant.

Edmund G. Brown, Attorney General, and Martin M. Ostrow, Deputy Attorney General, for Respondent.

McCOMB, J.—From a judgment of guilty of robbery in the first degree after trial before the court without a jury, defendant appeals. There is also an appeal from the order denying his motion for a new trial.

Viewing the evidence in the light most favorable to the People (respondent) the facts are:

On June 6, 1953, defendant, armed with a knife, together with two other men took from the complaining witness, Theodore Bradley, his wallet without his permission.

■ *Questions*: First: *Was there substantial evidence to support the judgment of guilty?*

*Yes.* The record discloses that Mr. Bradley identified defendant as the man who had robbed him of his wallet while armed with a knife. This evidence is sufficient to sustain the conviction. (*People* v. *Tedesco,* 1 Cal.2d 211, 219 [1] [34 P.2d 467].)

There is nothing inherently improbable in the testimony of Mr. Bradley. Therefore further discussion of the evidence would serve no useful purpose.

*People* v. *Braun,* 14 Cal.2d 1 [92 P.2d 402], relied on by defendant, is not applicable to the facts of the present case for in such case the appellate court reversed the conviction upon the ground of misconduct of the district attorney and not upon the weakness of the identification of the defendant.

*People* v. *Graziano,* 83 Cal.App.2d 701 [189 P.2d 518], relied on by defendant, is likewise inapplicable to the facts in the instant case for the reason that in such case the appellate court held that the evidence did not connect the defendant with the crime with which he was charged.

*People* v. *Thorp,* 104 Cal.App. 379 [285 P. 916], and *People* v. *Goltra,* 115 Cal.App. 539 [2 P.2d 35], are also not here in point for the reason that in such cases the defendant was not identified in the courtroom. In the instant case he was.

■ Second: *Did the trial court err in receiving evidence in rebuttal to defendant's testimony that at the time the crime was committed he was at home watching a prize fight between Jimmy Carter and Arrougo?*

*No.* After defendant had given testimony in support of his alibi in accordance with the facts set forth in the foregoing question the trial court permitted the prosecution in rebuttal to show that the prize fight which defendant alleged he was witnessing over his television set on the evening of the robbery did not in fact take place until one week after

the date of the robbery. Such evidence was clearly permissible in rebuttal to defendant's testimony.

 In addition, such evidence was received without objection upon the part of defendant who thereby waived his right to object to the reception of such evidence on appeal. (*Yule* v. *Miller*, 80 Cal.App. 609, 616 [5] [252 P. 733]; see, also, cases cited in 16 West's Cal. Dig. (1951), Crim. Law, § 698(1), p. 120.)

 Third: *Is the judgment of conviction illegal and void because the trial court did not make a determination that defendant was armed with a deadly weapon?*

*No.* Section 211 of the Penal Code provides: "Robbery is the felonious taking of personal property in the possession of another, from his person or immediate presence, and against his will, accomplished by means of force or fear." Section 211a of the Penal Code reads: "All robbery which is perpetrated by torture or by a person being armed with a dangerous or deadly weapon is robbery in the first degree. All other kinds of robbery are of the second degree."

In the present case the trial judge found defendant guilty of robbery in the first degree. During the trial the evidence disclosed that defendant was armed with a knife at the time of the robbery. Therefore, the court, by finding that defendant was guilty of robbery in the first degree, made an implied finding that he was armed with a knife at the time of the commission of the offense. This was a sufficient finding to sustain the judgment of guilty.

There is no merit in defendant's contention that the trial judge committed error in not specifically finding in accordance with the provisions of 969c of the Penal Code that defendant was armed with a deadly weapon at the time of the commission of the offense. Section 969c, relied on by defendant, is applicable only where a defendant has entered a plea of guilty. It reads in part:

". . . If the defendant pleads guilty of the offense charged the question whether or not he was armed as alleged must be determined by the court before pronouncing judgment."

It has no application where, as in the instant case, defendant has entered a plea of not guilty and been duly tried pursuant to the charge set forth in the information filed by the district attorney.

The judgment and order are and each is affirmed.

Moore, P. J., and Fox, J., concurred.