*738
 
 TOBEINER, J.
 

 Andrew L. Tolliver, convicted of grand theft and possession of narcotics, appeals from the narcotics conviction. His two contentions that the evidence does not support the judgment and that the prosecution’s courtroom experiment constitutes prejudicial error fail to present sufficient bases to reverse the judgment.
 

 We set forth briefly the salient facts. Assigned to a radio car, San Francisco Officers Cisneros and Bishop inspected it for certain equipment before going on duty on the night of December 19, 1950. They also checked to see if any property had been left in the ear, Cisneros going to the right side of the car, Bishop to the left. They opened the rear doors and cheeked the top of the back seat. They found that, due to the radio cables, the back seat was loose, leaving a 3-inch gap between the bottom and the back of the seat; they lifted the seat and looked underneath but found nothing.
 

 While in the vicinity of Buchanan and Sutter Streets the officers heard a scream; turning north on Buchanan, they observed appellant walking rapidly, carrying a black object in his hand. The officers stopped; appellant threw the object under a parked truck; Cisneros recovered it. The object turned out to be a woman’s purse. The officers arrested appellant, handcuffed his hands behind his back, and placed him in the rear seat of the car.
 

 The officers then received a call that a woman had reported a purse snatching; they proceeded to the victim’s home, Cisneros remaining in the car with the prisoner while Bishop went to see the woman. At this point appellant shook his head, his hat falling on the seat against his body. Cisneros noticed appellant wiggling around, but made no comment. Bishop returned with the complainant who identified appellant as the purse snatcher, and the officers proceeded to the police station where they booked appellant. Subsequently Bishop examined the car and found a marijuana cigarette under the rear seat; the cigarette was bent in a curved manner. The officers had neither arrested nor picked up anybody other than appellant for questioning that night.
 

 To demonstrate appellant’s physical ability to dislodge the cigarette from his hat, the prosecution in the course of the trial handcuffed Officer Cisneros’s hands behind his back with the same set of handcuffs that had been used on appellant, fitting it with the same strength and snugness as had been applied to appellant. Seated on the steps of the jury box with a hat alongside of him corresponding to the position of appel
 
 *739
 
 lant’s hat to appellant, Cisneros demonstrated that he was able to reach “inside the brim of the hat.”
 

 Appellant’s grounds for reversal of the judgment consist of the contentions, first, that the evidence does not support the judgment because the prosecution failed “to prove that defendant ha[d] physical control or dominion” over the cigarette, and, second that the court committed error in permitting the demonstration.
 

 As to the first point, we have concluded, in the words of Justice Peters in
 
 People
 
 v.
 
 Gallagher
 
 (1959), 168 Cal.App. 2d 417 [336 P.2d 259], “that the circumstantial evidence here produced overwhelmingly supports the inference that appellant was in unlawful possession of a narcotic.” (P.423.) According to the prosecution’s construction of the circumstantial evidence, appellant, when he entered the car, after his arrest, had the cigarette in his hat. If we accept this posture of the facts, no valid question can be raised as to appellant’s possession of the cigarette. Appellant’s dominion was then complete. The locale of the cigarette was not open to the multiple access which was present in
 
 People
 
 v.
 
 Antista
 
 (1954), 129 Cal.App.2d 47 [276 P.2d 177]. Appellant controlled and possessed his own hat; the record substantiates the further fact that, even though handcuffed, appellant seated in the car with the hat beside him could still control it and reach inside the brim.
 

 Thus the inference of appellant’s possession flows from the following substantial evidence: (1) the two police inspections of the car; (2) the fact that no persons other than the officers and appellant were in the car during the interval between the first and second search; (3) appellant’s shaking his head so that his hat fell onto the seat; (4) his later gyrations; (5) the curvature of the cigarette; and (6) the prosecution’s demonstration that appellant though handcuffed could reach inside his hat.
 

 That such unlawful possession may be proved by circumstantial evidence and that facts no more persuasive than the instant ones may sustain an inference of such possession is confirmed by the cases. “The fact of unlawful possession, as well as the other facts essential to prove a conviction under section 11500 [of the Health and Safety Code] may be proved by circumstantial evidence.”
 
 (People
 
 v.
 
 Gallagher, supra
 
 (1959), 168 Cal.App.2d 417, 423.) See
 
 People
 
 v.
 
 Green
 
 (1939), 13 Cal.2d 37, 42 [87 P.2d 821] ;
 
 People
 
 v.
 
 Watson
 
 (1956), 46 Cal.2d 818, 820 [299 P.2d 243].
 

 
 *740
 
 Typical of the decisions which have held circumstantial evidence sufficient to show a defendant knowingly possessed the illegal substances is
 
 People
 
 v.
 
 Blodgett
 
 (1956), 46 Cal.2d 114 [293 P.2d 57]. In that case as a police officer “opened the left rear door he saw defendant withdraw his left hand from behind the seat at the juncture of the seat and back cushion” (p. 116) and thereafter found three marijuana cigarettes at this place in the car, which the driver testified had been cleaned earlier and had been devoid of such articles. The court affirmed a narcotics conviction. Other courts have upheld convictions from evidence found in such receptacles as a bag under defendant’s bed in a house of prostitution
 
 (People
 
 v.
 
 Cahill
 
 (1958), 163 Cal.App.2d 15 [328 P.2d 995]) ; or “in a mattress of the bed of the accused, or in his shirt pocket”
 
 (People
 
 v.
 
 Van Valkenburg
 
 (1952), 111 Cal.App.2d 337, 340 [244 P.2d 750]).
 

 Appellant’s argument that, even if he had initially possessed the cigarette, he later abandoned it, does not negate but affirms the original possession. An attempt to rid himself of incriminating evidence does not exculpate a criminal.
 
 (People
 
 v.
 
 Sinclair
 
 (1933), 129 Cal.App. 320 [19 P.2d 23];
 
 People
 
 v.
 
 Rodrigues
 
 (1938), 25 Cal.App.2d 393 [77 P.2d 503];
 
 People
 
 v.
 
 Belli
 
 (1932), 127 Cal.App. 269 [15 P.2d 809];
 
 People
 
 v.
 
 Herbert
 
 (1922), 59 Cal.App. 158 [210 P. 276].) Indeed, appellant’s very attempt to relieve himself of the inculpatory cigarette and to remove it from the hat establishes his knowledge of its illegal nature.
 
 (People
 
 v.
 
 Tennyson
 
 (1954), 127 Cal.App.2d 243, 246 [273 P.2d 593].)
 

 As we have noted, appellant’s second ground for reversible error emanates from the prosecution’s demonstration. Appellant urges, for the first time, and in this appellate court, that “ [t]he experiment was not a complete test, as no cigarette was placed in the hat in the position claimed by the state . . . .” At the trial appellant posited his objection upon grounds which contrast with that which he now urges. There he stated that the demonstration should be at “Sutter and Buchanan Streets, the same automobile, the same witnesses and the same parties .... [T]hey [police] can make the handcuffs tighter on one person on one particular night than they did on another night.”
 

 Appellant’s transformed ground of appeal must, however, succumb to the rule that an appellate court will consider only those grounds upon which appellant based the objection in the trial court.
 

 
 *741
 
 As was stated in
 
 People
 
 v.
 
 Agajanian
 
 (1950) , 97 Cal. App.2d 399,405 [218 P.2d 114], “An objection cannot be made for the first time on appeal and the precise ground of objection must be made at the time of its offer.” The rule is reiterated in
 
 Laursen
 
 v.
 
 Tidewater Assoc. Oil Co.
 
 (1954), 123 Cal.App.2d 813, 817 [268 P.2d 104], “Moreover, in order to preserve the right to have the question of admissibility of evidence considered on appeal, one must at the trial precisely designate the particular part of the evidence to which he objects and state specifically in what respect it is improper.” To the same effect
 
 Murray
 
 v.
 
 San Leandro Rock Co.
 
 (1952), 111 Cal.App.2d 641, 647 [245 P.2d 347] ;
 
 Pioneer Constructors
 
 v.
 
 Symes
 
 (1954), 77 Ariz. 107 [267 P.2d 740]; 3 Cal. Jur.2d, Appeal and Error, section 157, page 636.
 

 If there were any merit at all to the objection to the demonstration, it should have been brought to the attention of the trial court in order that it could correct any defects; appellant could not silently sit by and later urge the alleged error when correction was impossible. (3 Cal.Jur.2d, Appeal and Error, § 144, p. 610; 3 Am.Jur., § 263, p. 41.)
 

 Finally and in any event, the experiment was “made under circumstances and conditions which were . . . substantially the same” as those which existed on the night in question.
 
 (People
 
 v.
 
 Wagner
 
 (1916), 29 Cal.App. 363, 369 [155 P. 649].) The demonstration sought to show whether or not the handcuffed individual could reach inside the brim of the hat when he was in a position such as appellant. The experiment in substance duplicated the pertinent conditions.
 

 We can come to no other conclusion but that sufficient evidence supported the judgment and that the demonstration conducted in the courtroom worked no prejudicial error against appellant. -
 

 We affirm the judgment.
 

 Bray, P. J., and Duniway, J., concurred.