[Crim No. 6903.   Second Dist., Div. Three.   July 6, 1960.]

THE PEOPLE, Respondent, v. ROBERT GREEN MADRID, Appellant.

David Daar for Appellant.

Stanley Mosk, Attorney General, and Jack E. Goertzen, Deputy Attorney General, for Respondent.

SHINN, P. J.—Robert Green Madrid was charged with four offenses of issuing checks without sufficient funds. It was also alleged that he had previously been convicted of a felony, namely, violation of the Jones-Miller Act, 21 U.S.C.A., section

171 et seq., and had served a term in federal prison. Trial was to the court, which found Madrid guilty as charged in the information. The prior was proved by evidence whose sufficiency is not in question. Probation was denied and Madrid was sentenced to state prison. He appeals from the judgment.

The evidence consisted of that received at the preliminary hearing and additional evidence introduced at the trial. On March 8th and 9th, 1959, appellant cashed three checks in the amounts of $11, $12 and $18.50 at the S. and A. Service Station; the following day he presented and attempted to cash a fourth check for $18.50 at the same location but the attendant became suspicious and called the police. The four checks were drawn on the Atlantic-Whittier Branch of the California Bank. An official of the bank testified that the records disclosed no open accounts in appellant's name; there were three accounts that had been closed prior to 1957; the last account was closed in 1956; appellant had made no arrangements for credit; the records did not show whether the last account was closed by Madrid or by the bank. Officer Shaw had two conversations with appellant after his arrest. Madrid's statements were voluntary. He told the officer that he had an account at the California Bank; he made his last deposit in 1955; he did not subsequently contact the bank to find out if he still had any funds in the account. Shaw did not ask appellant if he knew whether there was any money in the account when he wrote the four checks. Appellant said: "The bank says I haven't any money, so I guess I am dead."

Appellant testified that he had arranged with his brother Oscar for the latter to deposit $60 to his account on March 5th. As far as he knew, he had an open checking account at the bank. Appellant identified his checkbook and admitted writing on the stub attached to the first check for $11 the figures $11 as the amount of the check and "00" as the balance carried forward. At this time he had already learned from Oscar that the $60 had not been deposited. Appellant admitted a prior felony conviction.

Oscar Madrid corroborated his brother's testimony about the $60. Appellant had sold him a hi-fi set and the $60 was due as a commission. He promised appellant that he would make the deposit on March 5th, but he was working, he could not get to the bank, and he left the money at their mother's house. On cross-examination Oscar testified that he had a conversation with Officer Shaw out of appellant's presence. Over the objection of defense counsel that the question called for hearsay,

Oscar was asked whether he told Officer Shaw about the arrangement to pay for the hi-fi set and he replied that he did not do so although he did tell the officer that he would ultimately pay the checks. Shaw was called in rebuttal and testified that Oscar did not mention the $60 during their conversation.

The first point requiring discussion is that the questioning of Oscar about his conversation with Shaw was improper impeachment and that Shaw's testimony on the subject was improper rebuttal. As we have said, appellant objected to the question as hearsay upon the ground that the conversation did not take place in his presence; the court stated: "Overruled. This is only for impeachment purposes," and appellant made no further objection. Shaw's testimony on rebuttal was likewise received without objection. It is too late to urge error in admitting either item of testimony. (*People* v. *Agajanian,* 97 Cal.App.2d 399, 405 [218 P.2d 114]; *People* v. *Norris,* 125 Cal.App.2d 855 [271 P.2d 59].)

Appellant's remaining point is that there was no evidence from which the court could infer that he intended to defraud either the bank or the payee of the checks, hence the convictions are unsupported by the evidence. We think the evidence was ample to sustain the convictions. The checks were drawn upon an account that had been dormant for almost four years. When appellant passed the first of the four checks he knew there were no funds in the account with which to pay the checks. If the court had believed the testimony of appellant and his brother that funds sufficient to cover the checks were to be deposited in the account and the deposit was not timely made through inadvertence, he would doubtless have been acquitted. But the court was not required to accept that testimony. Whether appellant acted with an intent to defraud was a question of fact to be resolved from all the circumstances in evidence. (*People* v. *Oster,* 129 Cal.App.2d 688 [278 P.2d 39].) It was brought out upon the cross-examination of Oscar and in the rebuttal testimony of Shaw that the former did not mention the deposit arrangement during their conversation. The court could reasonably infer that if there had been such an arrangement Oscar would have mentioned it in order to exonerate his brother. It is also significant that appellant was not asked by his attorney whether he told Shaw about the $60.

The judgment is affirmed.

Vallée, J., and Ford, J., concurred.