SHEPARD, Acting P. J.
 

 This is an appeal by defendant Albert Limuel Henson from judgments of conviction on four counts of armed robbery and from the order denying defendant’s motion for a new trial. He also attempts to appeal from the “sentence.”
 

 Facts
 

 The principal physical facts are not in dispute. At about 10 p. m. on January 17, 1961, codefendant Kenneth Hugh Fetters, armed with a 30-caliber Winchester rifle and a 32-caliber Beretta pistol, entered the Palace Liquor Store in San Bernardino with appellant immediately behind him. Appellant was armed with a B.B. gas pellet gun. The two threatened the clerk, Czarnecki, and a patron named Judon with the rifle and gun and were in the process of robbing them when a second patron, Sims, entered. He also was held up. The process of robbery again proceeded. Then a third patron, Berry, entered and was also held up. All four were robbed of money. Appellant fully participated in all the acts of robbery and all of the money was taken by appellant. About the time the robbery was completed, three police officers arrived and
 
 *638
 
 Fetters and appellant were arrested. Appellant had in his pockets all the money taken by both during this and two previous robberies they had committed the same night. The total amount was $286. Appellant does not deny the truth of these facts. He himself readily testified to them on direct examination. He defended on the sole ground that he acted under compulsion, in fear of bodily harm or death from Fetters if he refused to participate in the robberies. Appellant was tried separately, Fetters being then confined to a state mental hospital on a finding of present mental illness.
 

 District Attorney’s Conduct
 

 Appellant first contends that the District Attorney was guilty of prejudicial misconduct in asking appellant certain leading questions on cross-examination, insinuating certain facts the proof of which was not offered. He does not specify what the exact questions were at which he takes offense but refers to five different pages of the reporter’s transcript. Appellant, in his direct examination, had testified at length about his asserted fear of Fetters, and that he engaged in this and two other robberies under that same fear compulsion during the hour or two immediately preceding the robberies here charged. The cross-examination, recorded on the pages referred to in appellant’s brief, all refers to the event of said two prior robberies, evidently in perfectly legitimate pursuit of proof that appellant’s participation in all three robberies was entirely voluntary and not under compulsion. All of his questions were entirely within the bounds of material facts developed on direct examination. The questions were not improper. (Pen. Code, § 1323; Code Civ. Proc., § 2048;
 
 People
 
 v.
 
 White,
 
 137 Cal.App. 467, 470 [1] [30 P.2d 555];
 
 People
 
 v.
 
 Bigelow,
 
 104 Cal.App.2d 380, 386 [5] [231 P.2d
 
 881]; Laursen
 
 v.
 
 Tidewater Assoc. Oil Co.,
 
 123 Cal.App.2d 813, 816 [3] [268 P.2d 104];
 
 People
 
 v.
 
 Zerillo,
 
 36 Cal.2d 222, 228 [6-7] [223 P.2d 223];
 
 People
 
 v.
 
 Tarantino,
 
 45 Cal.2d 590, 599 [12] [290 P.2d 505];
 
 People
 
 v.
 
 Weiss,
 
 50 Cal.2d 535, 560 [16] [327 P.2d 527];
 
 People
 
 v.
 
 Teshara,
 
 141 Cal. 633, 638 [75 P.338].) Furthermore, no objection was made to any of these questions. Failure to make an objection normally is considered a waiver.
 
 (Laursen
 
 v.
 
 Tidewater Assoc. Oil Co., supra,
 
 p. 817 [5];
 
 People
 
 v.
 
 Odom,
 
 72 Cal.App.2d 72, 74 [2] [164 P.2d 68];
 
 People
 
 v.
 
 Kozakis,
 
 102 Cal.App.2d 662, 665 [3] [228 P.2d 58];
 
 People
 
 v.
 
 Gregor,
 
 141 Cal.App.2d 711, 718 [3] [297 P.2d 734].)
 

 
 *639
 
 District Attorney’s Argument
 

 Appellant next contends that the district attorney was guilty of prejudicial error in arguing facts not in evidence. The record does not support appellant’s assertion. The transcript references given by appellant show that the district attorney was there arguing the subject of appellant’s willing participation in all three robberies. Since appellant’s sole defense was involuntary compulsion it was entirely proper to argue the legitimate inferences dedueible from the events occurring during the time Fetters and appellant, working together, committed the robbery of a service station, another liquor store and the charged robberies, all within two hours. The district attorney’s statement that the service station boy had been beaten by Fetters, that appellant had struck at the boy, claimed he missed but that the boy fell, all follows with reasonable accuracy what the appellant himself directly testified to or tacitly admitted. The deductions, stated as such by the district attorney, did not transcend the scope of legitimate argument. There was no error.
 
 (People
 
 v.
 
 Eggers,
 
 30 Cal.2d 676, 693 [27] [185 P.2d 1];
 
 People
 
 v.
 
 Hoyt,
 
 20 Cal.2d 306, 318 [11-12] [125 P.2d 29];
 
 People
 
 v.
 
 Simpson,
 
 43 Cal.2d 553, 570 [15] [275 P.2d 31];
 
 People
 
 v.
 
 Willard,
 
 150 Cal. 543, 552 [89 P. 124].)
 

 Instructions
 

 Appellant asserts that the court erred in not giving clarifying instructions respecting an argument by the district attorney to the effect that appellant’s testimony had raised the issue of whether or not appellant was acting “under fear of his life at those three robberies.” A fair reading of the transcript makes clear that the district attorney was arguing the legitimate deduction that all three robberies were a part of a common plan and that in none of them was appellant acting under fear compulsion. Nothing in the argument goes beyond the realm of reasonable discussion. Nothing is suggested that could possibly mislead the jury into the belief that anything other than the ultimate question of appellant’s intent in the charged robbery was involved. There was no error and no confusion to instruct on. None was requested. The court was not in error.
 

 The points made on motion for a new trial are the same points made here. There was no error in refusing to grant a new trial. This appeal was taken prior to the change of Penal Code, section 1237.
 

 
 *640
 
 The judgment and order denying the motion for a new trial are affirmed. The attempted appeal from the “sentence” is dismissed as no appeal is provided therefor.
 

 Coughlin, J., and Stone,
 
 *
 
 concurred.
 

 *
 

 Assigned by Chairman of Judicial Council.