[Crim. No. 3011. Fourth Dist., Div. Two. Mar. 12, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. FRANK AVILA CRUZ, Defendant and Appellant.

---

*Assigned by the Chairman of the Judicial Council.

J. D. Butterwick, under appointment by the Court of Appeal, and Hennigan & Butterwick for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and William L. Zessar, Deputy Attorney General, for Plaintiff and Respondent.

KERRIGAN, J.—Convicted by a jury of the charge of selling heroin (Health & Saf. Code, § 11501) and sentenced to state prison, defendant appeals.

On March 1, 1966, an undercover agent of the Riverside County Sheriff's Department purchased four bindles·· of heroin from the defendant for the sum of $12. Shortly after the sale, the officer observed the defendant inject a powder substance and fluid into his arm with a hypodermic needle.

Defendant did not testify in his own behalf, but did display his arms to the jurors.

Defendant attacks the judgment of conviction on the following grounds: (1) The evidence of the subsequent crime pertaining to the injection of heroin was improperly admitted inasmuch as it tended to prove an offense other than 'that charged in the information; (2) opinion evidence of a nonexpert witness was improperly admitted; (3) evidence of a threat made by defendant against a prosecution witness was improperly admitted; and (4) the district attorney was guilty of misconduct.

■ The undercover agent testified, without objection, that defendant injected himself with heroin shortly after he had sold heroin to the officer. Defendant maintains that error was committed in the admission of such evidence because it constituted a crime distinct from that charged in the information. However, defendant failed to object to the admission of the evidence of the later offense. Consequently, it is not incumbent upon us to decide whether the testimony regarding the subsequent offense, with which the defendant was not charged, represented admissible or inadmissible evidence inasmuch as the error, if any, is not of fundamental or constitutional proportions, and the failure to object constitutes a waiver of his right to raise the issue on appeal. (*People* v. *Marsh,* 58 Cal.2d 732, 747 [26 Cal.Rptr. 300, 376 P.2d 300]; *People* v. *Beverly,* 233 Cal.App.2d 702, 723-724 [43 Cal.Rptr. 743], cert. den. 384 U.S. 1014 [16 L.Ed.2d 1035, 86 S.Ct. 1937]; *People* v. *Henson,* 205 Cal.App.2d 636, 638 [23 Cal. Rptr. 149]; Witkin, Cal. Evidence (2d ed. 1966) §§ 1284, 1285, pp. 1187, 1188.)

■ Defendant next maintains that the court erred in permitting a police officer to express an opinion as to why defendant's arm showed no "marks" indicating his use of narcotics at the time the defendant displayed his arms to the jury. The trial occurred in December 1966. When the prosecution presented its case-in-chief, the undercover agent testified that at the time of the sale and injection at Corona on March 1, 1966, the defendant's arms bore bruises, together with black and blue marks, indicating that the defendant had been using heroin over a period of several weeks, and that these impressions would result in permanent scarring. Thereafter, the only evidence offered by the defense was to permit the defendant to exhibit his arms to the members of the jury, and apparently no scars were then visible. When the defense

rested, the prosecutor requested a recess to obtain rebuttal medical testimony. The prosecutor then produced a Riverside sheriff's sergeant who, over objection, was allowed to testify as follows: "Q. Sergeant, in reference to this use of *H*eroin [*sic*], do you have an opinion as to whether or not the condition of an individual, today, December 20, 1966, would indicate whether or not on March 1, 1966 an individual had been using *H*eroin [*sic*] by way of intravenous injection?

" . . . .

"A. I[t] would not necessarily, unless there was some recent injection."

Defendant contends that a medical doctor should have been produced by the prosecution for the purpose of expressing the opinion given, and that the sergeant should not have been permitted to render his opinion because he was not a qualified medical expert.

A person may render his opinion as an expert on a question of science when he is skilled therein. (Code Civ. Proc., § 1870, subd. 9.)[1] The police sergeant testified that he had 10 years' experience in law enforcement; that he had been in charge of the narcotic and vice detail for four years; that he had worked with state narcotic agents for six months; that he had taken the narcotic program conducted by the County of Riverside; that he had studied narcotic investigation in two courses sponsored by the State Bureau of Narcotics; and that he had examined individuals who used heroin.

A police officer familiar with narcotic substances, who also has experience with addicts, may be permitted to testify as to the narcotic character and nature of a substance. (*People v. Nunn*, 46 Cal.2d 460, 466-467 [296 P.2d 813] ; *People v. Flynn*, 166 Cal.App.2d 501, 509-510 [333 P.2d 37].) The determination of an expert's qualification is primarily the function of a trial court, and its ruling will not be disturbed in the absence of an abuse of discretion. (*People v. Chapman*, 207 Cal.App.2d 557, 576 [24 Cal.Rptr. 568] ; *People v. Chambers*, 162 Cal.App.2d 215, 220 [328 P.2d 236] ; *People v. Smith*, 142 Cal.App.2d 287, 292 [298 P.2d 540].) In the case under review, the trial court was justified in finding that the officer was an expert by reason of his knowledge, skill, experience, training and education in the field of narcotics. The defendant's remaining contentions to the trial court's action in permitting the sergeant to render

---

[1]Now Evidence Code, section 720.

an opinion are unmeritorious inasmuch as he failed to raise the precise or specific objections at the trial level which he now asserts and such failure constitutes a waiver. (*People* v. *DeCasaus,* 194 Cal.App.2d 666, 675 [15 Cal.Rptr. 521]; *People* v. *Lint,* 182 Cal.App.2d 402, 414 [6 Cal.Rptr. 95].)

Defendant also urges that the evidence of a threat made by him against the undercover agent was improperly admitted in evidence over his counsel's objection. Defendant's threat to kill the officer was made after the agent had completed his testimony and after the prosecution had rested its case. A threat made by a defendant against a *prospective* prosecution witness whom he expects to testify against him, with the evident purpose of intimidating the witness, is proper evidence. (*People* v. *Chin Hane,* 108 Cal. 597, 603 [41 P. 697]; *People* v. *Rosoto,* 58 Cal.2d 304, 350, 352 [23 Cal. Rptr. 779, 373 P.2d 867].) Efforts of an accused to suppress testimony against himself indicate a consciousness of guilt. (*People* v. *Kendall,* 111 Cal.App.2d 204, 213 [244 P.2d 418].)

However, defendant maintains that the evidence of a threat against a prosecution witness is properly admissible only in situations where the threat is directed against a prospective witness, and that here the undercover agent had completed his testimony. While foreign authority exists for the proposition that evidence of a threat made *after* a witness has testified is admissible where the witness is still subject to recall (*Sandlin* v. *State,* 25 Ala.App. 311 [146 So. 82, 84], such precedent is not persuasive under the factual situation presented herein. In the case at bar, the testimony relating to the defendant's threat to kill the undercover agent was introduced after the trial court permitted the prosecution to reopen its case for the purpose of permitting evidence relating to the threat. Thus, there was no likelihood that the officer could be frightened or coerced from testifying against the defendant as he had already given his testimony to the effect that the defendant had sold heroin to him, and the evidence was therefore not admitted on the theory of intimidation. Thus, the prejudicial tendency and want of probative value of the threat should have rendered such evidence inadmissible. (See 2 Wigmore, Evidence (3d ed. 1964 Supp.) § 278, p. 42.) While the undercover agent here might not have been formally excused as a witness because of his investigatory role in connection with this particular prosecution, and while it is apparent he still remained available for recall as a witness, no

legitimate purpose was served by permitting his testimony concerning the threat. Consequently, admission of the evidence of the defendant's subsequent threat against the officer constituted error. ▮ Nevertheless, reversal for error is proper only when, after reviewing the entire record, it appears reasonably probable that a result more favorable to the defendant would have been reached in the absence of the error. (*People* v. *Watson,* 46 Cal.2d 818, 836 [299 P.2d 243].) ▮ The evidence of defendant's guilt is conclusive. He sold heroin to a law enforcement agent. This eyewitness confirmed that the sale was effected by the defendant. At the time of his arrest, the condition of his arms reflected involvement in narcotic activity. The defendant did not testify or offer any defense—except to display his arms to the jury. The improper evidence of the threat in no manner contributed to his conviction.

▮ Finally, defendant maintains that the prosecutor was guilty of misconduct in connection with statements he made during his closing argument. The charge of misconduct is based on the district attorney's action (1) in producing evidence that defendant used heroin following the sale; (2) in presenting evidence to the effect that the defendant had threatened the undercover agent during the course of the trial; and (3) in endeavoring to glorify the undercover agent by arguing that such men live in constant danger by reason of the nature of their work, and that extensive investigation is required in order to obtain convictions of narcotic offenders. The first two grounds of purported misconduct have previously been reviewed. As to the remaining claims of misconduct, no objection was made and no admonition asked, and since none were so serious to be beyond cure by admonition (see *People* v. *Perez,* 58 Cal.2d 229. 249-250 [23 Cal.Rptr. 569, 373 P.2d 617, 3 A.L.R.3d 946]), the claim of prejudicial misconduct is deemed to have been waived. (*People* v. *Campbell,* 232 Cal.App.2d 712, 715 [43 Cal.Rptr. 71]; *People* v. *Johnson,* 99 Cal.App.2d 717, 730-731 [222 P.2d 335].)

The judgment of conviction is affirmed.

McCabe, P. J., and Tamura, J., concurred.