[Crim. No. 1839.  First Appellate District, Division Two.—March 28, 1935.]

THE PEOPLE, Respondent, v. LEONA TORRES, Appellant.

Philip M. Zwerin for Appellant.

U. S. Webb, Attorney-General, and Seibert L. Sefton, Deputy Attorney-General, for Respondent.

NOURSE, P. J.—On January 31st of this year the defendant was found guilty of the possession of habit forming narcotics and from the judgment of conviction she appeals, claiming insufficiency of the evidence to show possession.  The reporter's transcript was filed on February 18th and the cause was submitted on the March calendar.

The defendant was found by police officers in a building of two flats which she leased and operated as a rooming house.  She told the officers that she occupied a certain room which gave the appearance of being occupied and had her clothes in it.  She later denied that she lived

there, saying she lived with her family at 441 Union Street and that her clothes were left in the room while she was cleaning the place. In searching the building the officers found marihuana under the floor in an unoccupied room (room 7), which she said was occupied by Tomas Reyes, having earlier designated another room as belonging to Reyes, and in a room said to be occupied by Eugenue Belmore (room 4); while an empty can with specks of the drug on it was found buried in the basement. Marihuana cigarettes were found in another room and on Manuel Pizarro and in the bed of one Bosch. Both men at the time of the arrest of defendant, and in her presence, stated they had obtained the cigarettes from appellant, but they denied this at the trial. Another witness testified that he had bought the drug from the defendant during the week preceding her arrest and that he came to the premises immediately after the arrest to buy more. Police officers testified as to the bad reputation of the defendant, and to previous arrests for violations of the Narcotics Act. The defendant had denied the prior conviction charged in the information, and proof was duly made of this charge by the production of the records.

The evidence, though meager, shows more than a suspicion of guilt. From the circumstances of the possession of the premises, the manner in which they were conducted, and the statements of the roomers made in appellant's presence at the time of the arrest, the jury could reasonably draw the inference that the drug was in her possession. The testimony of the appellant and of the witnesses called by her merely added further support to this inference. The evidence on the whole is sufficient to support the conclusion that "the possession was immediate and exclusive and under the dominion and control of" the appellant, within the rule of *People* v. *Sinclair*, 129 Cal. App. 320, 322 [19 Pac. (2d) 23].

The judgment is affirmed.

Sturtevant, J., and Spence, J., concurred.