[Crim. No. 2309.  Third Dist.  Apr. 18, 1952.]

THE PEOPLE, Respondent, v. MYRL JAMES ROBINSON, Appellant.

Norman Samuelson for Appellant.

Edmund G. Brown, Attorney General, and Gail A. Strader, Deputy Attorney General, for Respondent.

ADAMS, P. J.—Appellant Robinson, Robert Walden and Richard Walden were charged in an information filed in Solano County, with the unlawful possession of marijuana, in violation of section 11500 of the Health and Safety Code. The two Waldens pleaded guilty. Robinson was convicted by a jury, and now appeals from the judgment which followed.

The contentions of appellant urged as grounds for reversal are that the evidence was insufficient to justify the verdict, that testimony given by his codefendants, who were called as witnesses for the prosecution, was not corroborated as required by section 1111 of the Penal Code, that the court erred in failing to instruct the jury upon the necessity for such corroboration, and that, at the declaration of a recess, the court failed to admonish the jurors not to talk among themselves or to others about the case.

█ Appellant admitted that in the evening prior to the arrest of defendants he, Robert Walden and another man went from Vallejo to San Francisco, and that while they were there he put up $35 which he said he lent to Walden so that the latter could pay a bill he owed someone; that they returned to Vallejo in the early morning hours, and first went to the home of Richard Walden, where they found no one at home; that they then went to the home of Robert Walden where they found Mr. and Mrs. Richard Walden, and thereafter all returned to the Richard Walden home. Mrs. Richard Walden testified that when they arrived at her home Robinson and Robert Walden went into the kitchen where, at the table, they had a box with "some stuff in it" that looked like tobacco; and on being shown her testimony at the preliminary hearing of defendants, admitted that she had there testified that "they were rolling up cigarettes." Within a few minutes, two deputy sheriffs who had been watching the premises, knocked at the door. They testified that Richard opened the door, then closed it for a few seconds before he finally admitted them. They went directly to the bathroom where they found both Robinson and Robert Walden. From the toilet, which had just been flushed, they fished out nine marijuana cigarettes which were swirling around in the bowl. Robinson and Robert Walden were both standing in the room, Robinson being nearest to the toilet. All three of the men were then arrested. Mrs. Walden further testified that when the officers arrived she went out the back door of the house; and on cross-examination conceded that she did so because she knew that there was marijuana in the house. It

may be further added that one of the deputy sheriffs testified that after the arrest Robinson asserted that he "would take the blame."

The foregoing testimony is entirely independent of that given by the two Waldens, and was sufficient to justify the jury in concluding that the three defendants were in possession of marijuana as charged. See *People* v. *Herbert*, 59 Cal.App. 158, 159 [210 P. 276]; *People* v. *LeBaron*, 92 Cal.App. 550, 561 [268 P. 651, 269 P. 476]; *People* v. *Hay*, 74 Cal.App. 464, 472 [241 P. 275]; *People* v. *Belli*, 127 Cal.App. 269, 271 [15 P.2d 809]; *People* v. *Sinclair*, 129 Cal.App. 320, 322 [19 P.2d 23]; *People* v. *Bill*, 140 Cal.App. 389, 397 [35 P.2d 645]; *People* v. *Torres*, 5 Cal.App.2d 580, 581 [43 P.2d 374]; *People* v. *Gallagher*, 12 Cal.App.2d 434, 436 [55 P.2d 889]; *People* v. *Rodrigues*, 25 Cal.App.2d 393, 394 [77 P.2d 503]; *People* v. *Bassett*, 68 Cal.App.2d 241, 246-247 [156 P.2d 457].

As for the claim of appellant that the testimony of Robert and Richard Walden was without corroboration, the testimony above set forth was sufficient for that purpose. See *People* v. *Griffin*, 98 Cal.App.2d 1 [219 P.2d 519]. Robert Walden, who accompanied Robinson on the trip to San Francisco, testified that he had known appellant about four months; that on the evening of March 31, 1951, he and one Eddie Miranda accompanied appellant from Vallejo to San Francisco and went to the International Settlement; that appellant said he wanted some marijuana, and accosted a man who mentioned $15 or $20; that he saw appellant pass money to that person who handed a can to appellant. Appellant in turn handed the can to the witness who put it in the glove compartment of the automobile, which was appellant's car; that thereafter they returned to his brother Richard's home in Vallejo, and he and appellant went into the kitchen and rolled cigarettes from the can; that it was marijuana; that then a knock came at the door and he and appellant went to the bathroom; that appellant took the cigarettes with him and threw them into the toilet, then threw the can to the witness, saying, "Here, get rid of this"; that the officers came into the bathroom and one of them got the cigarettes out of the toilet bowl; that he had smoked marijuana before; that he lived at his brother's house and was not employed and lived on an allowance furnished by his mother; that he was a student at Vallejo College; that for a while he and appellant attended the same school; that on the night before March 31, 1951, he,

appellant and another went to San Francisco, came home late and appellant stayed at Richard's home, 176 Cobb Street, Vallejo.

Richard Walden testified that at the time in question appellant handed him a marijuana cigarette to smoke; that he had smoked the weed before; that he had smoked just a little when officers came and he then swallowed the cigarette; that appellant had stayed at his house the previous night; that he had known appellant for a couple of months.

■ As for appellant's argument that the judgment should be reversed for failure of the trial court, on its own motion, to instruct the jury regarding the provisions of section 1111 of the Penal Code, and appellant's reliance upon the decision in *People* v. *Warren,* 16 Cal.2d 103 [104 P.2d 1024], the Warren case is distinguishable, for in that case the testimony of the accomplice was the only testimony implicating Warren. The case before us is comparable to *People* v. *Sourisseau,* 62 Cal.App.2d 917, 931-932 [145 P.2d 916] (hearing in the Supreme Court denied), since there, as here, the record contained evidence sufficient to justify appellant's conviction regardless of the testimony of accomplices.

■ As for the contention that it was reversible error for the trial court to fail to warn the jurors, upon the allowance of a short recess, that they should not discuss the case between themselves nor with anyone else, the record shows that they had previously been so warned. Also it does not appear that they violated the admonition previously given, or that any prejudice to defendant or any miscarriage of justice resulted from the failure to repeat the admonition on that one occasion. Under the rule laid down in section 4½ of article VI of the California Constitution, we find this contention to be without merit.

The judgment is affirmed.

Peek, J., and Van Dyke, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 15, 1952.