[Crim. No. 14391.   Second Dist., Div. One.   Nov. 14, 1968.]

THE PEOPLE, Plaintiff and Respondent, v. THOMAS CHARLES BRYANT, Defendant and Appellant.

Jayme C. Billey, under appointment by the Court of Appeal, for Defendant and Appellant.

Thomas C. Lynch, Attorney General, William E. James, Assistant Attorney General, and George J. Roth, Deputy Attorney General, for Plaintiff and Respondent.

FOURT, J.—This case involves an appeal from a judgment of conviction of possessing for sale certain marijuana.

In an information filed in Los Angeles on May 12, 1967, Thomas Charles Bryant, charged as Joe Davis was with Phyllis Landra Jackson charged with having possessed for sale marijuana on April 18, 1967. Each defendant pleaded not guilty. Each defendant was represented by separate counsel

and in a nonjury trial each was found guilty as charged. Bryant was sentenced to the state prison, the sentence to run concurrently with other time being or to be served by him. A timely notice of appeal was filed.

A résumé of some of the facts is as follows: At about 8 p.m. on April 18, 1967, Officers Kennedy and Suges answered a radio call and went to an area with reference to a theft which apparently was then taking place. Upon arrival at the designated location the officers were met by Mr. Thomas who stated that he had just observed a male Negro, approximately 5'7'' or so in height and wearing a gray suit, removing the left tire from his (Thomas') girl friend's car—that further the man was bleeding from one of his hands and that he had been observed to enter the house at the rear of the house where the police were then situated. The officers went to the house in the rear, knocked on the door and in response to a question as to who they were, identified themselves as policemen. The door was opened and Miss Jackson, who occupied the house, invited the officers to come inside. The officers entered the house and immediately smelled marijuana smoke. As the officers entered, Jackson left the living room and went to a bedroom, supposedly to care for a young child. Officer Kennedy looked around and saw a man named Washington get up from a couch and walk toward the bathroom. The toilet flushed and Washington came back to the living room. Officer Kennedy looked at the toilet bowl, saw what appeared to be some ashes but he was unable to identify the substance. On an ash tray in the couch area there was what is called "a crutch" which is used by marijuana smokers when the marijuana cigarette has become too small to be smoked by hand. There was another "crutch" in a doorway. As Officer Kennedy walked into the bedroom, he saw a man sitting in a chair next to the bed and saw a partially smoked marijuana cigarette on the floor. Bryant was in the kitchen when the officers entered and he then stood behind the door. The officers arrested the adults in the house. A search was made and there was found in the closet to which Jackson had gone when she first excused herself, two paper bags, one of which contained nine bindles of semi-manicured marijuana (semi-prepared for use), the other bag contained a large brick of marijuana. Also were found Zig-Zag cigarette papers used for making cigarettes. There was located a total of 810 grams of marijuana. Apparently one gram makes four cigarettes. In other words there was located enough marijuana to make 3,240 marijuana cigarettes.

There was expert testimony to the effect that the marijuana here was possessed for sale—such opinion being based on the amount and manner of packaging.

Jackson testified that Bryant had brought the bags to her house and said, "Phyllis, will you watch for these. You know, I will give you $25." She stated that she had placed the bags on the shelf in the closet. She further stated that she also smelled marijuana smoke and had told the men to stop smoking just before the officers arrived.

Bryant testified in his own behalf and denied having ever been to the Jackson house earlier and said that he had not brought any marijuana to the house. He admitted that he previously had been convicted of a felony (possession of marijuana) and in effect stated that he was then on parole.

■ Appellant now asserts that the evidence is insufficient to support the judgment. The credibility of the witnesses was for the trial court to determine. The court obviously believed the officers and part of Jackson's testimony. The trial judge could easily have inferred that Bryant under the circumstances was very careful not to have any marijuana on his person, that he would pay Jackson $25 to watch the marijuana for him and thereby avoid having the contraband in his continuous possession. (See *People* v. *Robinson*, 110 Cal.App. 2d 415, 417 [242 P.2d 676] ; *People* v. *Mimms*, 110 Cal.App.2d 310, 311-312 [242 P.2d 331], cert.den. 344 U.S. 846 [97 L.Ed. 658, 73 S.Ct. 64].)

The judgment is affirmed.

Wood, P. J., and Lillie, J., concurred.

A petition for a rehearing was denied December 11, 1968, and appellant's petition for a hearing by the Supreme Court was denied January 8, 1969.