## PEACHIE *v.* STATE

[No. 24, October Term, 1953.]

240

*Decided November 13, 1953.*

The cause was argued before SOBELOFF, C. J., and DELAPLAINE, COLLINS, HENDERSON and HAMMOND, JJ.

*R. Palmer Ingram* and *Ernest L. Perkins,* with whom was *Malcolm J. Coan* on the brief, for the appellant.

*Francis D. Murnaghan, Jr., Assistant Attorney General,* with whom were *Edward D. E. Rollins, Attorney General,* and *Anselm Sodaro, State's Attorney for Baltimore City,* on the brief, for the appellee.

HENDERSON, J., delivered the opinion of the Court.

This appeal is from a judgment and sentence of ten years upon a conviction on an indictment charging, in nine counts, unlawful possession of a narcotic drug, unlawful control of a narcotic drug, and unlawful possession of implements adapted for the use of habit forming drugs by hypodermic injection for the purpose of administering habit forming drugs. Counts 4 through 9 repeated the charges contained in the first three counts, with additional charges of two prior convictions for narcotic drug law violations. The case was tried by the court without a jury and the sole question raised is whether the general verdict of guilty was sustained by the evidence.

Officer Vought, produced by the State, testified that at about 3 A.M. on the morning of September 5, 1952, he went to 932 Madison Avenue with two other officers. The lock of the door leading to the apartment on the first floor had been removed and covered with a piece of cardboard. By moving the cardboard aside they were able, in turn, to view the interior of the room. They saw three persons inside, seated around a table on which was a glass of water containing tablets, three hypodermic syringes and needles, and a "smoked bottomed" teaspoon. The witness testified that he saw Peachie with one of the syringes in his hand but did not see him use it. After watching for about twenty minutes the officers forced the door. The witness saw Peachie throw against the wall a hypodermic needle which he had in his hand, and a handkerchief which had on it several splotches of blood. The blood marks were very fresh, still wet. Peachie had fresh needle marks on his arm. The glass contained four capsules of heroin. Medical testimony established the fact that the capsules, the glass, the teaspoon and two of the syringes contained traces of opium derivatives.

Peachie's testimony was to the effect that he went to the apartment with Brinn, the owner, about 2 A.M. to help Brinn move into a hotel. Brinn dumped the

articles on the table and went to get a box. Peachie denied that any of the articles were his, or that the handkerchief was his. He denied using the syringe, or taking narcotics. In explanation of the scars on his arm, he said he took injections prescribed by his physician because he had active tuberculosis. He admitted that he had had two previous convictions for violations of the narcotic drug law.

The appellant concedes that the trial court could properly disbelieve and disregard the appellant's story, and accept the testimony produced by the State. He challenges the legal sufficiency of the State's evidence under the rules laid down in *Edwards v. State,* 198 Md. 132, 157-158, 83 A. 2d 578, 581, and *Estep v. State,* 199 Md. 308, 310, 86 A. 2d 470, 471. He contends that there is no evidence to establish that Peachie had possession or control of the drug, or of an instrument adapted to the use of the drug for the purpose of administering it. Since it was uncontradicted that Peachie was not the owner of the apartment, had not bought the heroin and other articles or brought them there, it is argued that his mere presence in the room, in company with two other persons, seated around a table bearing the articles in question, would not establish his possession or control. It is further argued that the evidence does not show that Peachie individually, as distinguished from the other persons present, possessed or controlled the drug. In answer to this contention the State argues that it is not necessary to prove exclusive possession since joint possession or control with others constitutes a violation of the statute, citing *People v. Rodrigues,* 25 Cal. App. 2d 393; 77 P. 2d 503; *People v. Robinson,* 110 Cal. App. 2d 415; 242 P. 2d 676. The State also argues that actual physical possession is not required, as the possession may be constructive, citing *Perez v. State,* 34 Ala. App. 406; 40 S. 2d 344.

We find it unnecessary to pass on the question whether a case was made out by the mere observations of the Officers prior to their entry. The evidence that Peachie

had a hypodermic needle in his hand and threw it away, along with a handkerchief containing fresh blood stains, and that he had fresh needle marks on his arm, would permit the inference that he had taken an injection of the drug just prior to the entry of the officers. This circumstantial evidence points clearly to the fact that he had administered the drug to himself. Of course, if that fact is assumed, it necessarily follows that he had possession and control of the instrument and its contents at the time of the injection, as well as an intent and purpose to administer the drug. The cases cited clearly recognize that the duration of the possession and the quantity possessed are not material. Nor is it necessary to prove ownership in the sense of title. We think the State's evidence, if believed, was sufficient to support the verdict, and the court clearly indicated that he believed it. The sentence was the minimum that could be imposed for a third offense under Section 369, Article 27 of the Code. We need not consider the State's contention that under a general verdict the existence of evidence to support any one count would suffice. In the absence of direct authority in Maryland the State presses an analogy to the rule that under a general verdict the existence of one good count will suffice, even though the rest are bad. *Manly v. State,* 7 Md. 135, 149; *Jewett v. State,* 190 Md. 289, 292; *Hartwell v. United States,* 5 Cir., 107 F. 2d 359. Here the evidence was sufficient to support a verdict on all counts.

*Judgment affirmed, with costs.*