## Commonwealth v. McDade

C.P. of Lawrence County, No. 803 of 2013, CR.

*Diane Shaffer*, for Commonwealth.
*Lawrence Keith*, for defendant.

HODGE, *J.*, December 31, 2013—Before the court for disposition is the petition for writ of habeas corpus (hereinafter, the "petition") filed on behalf of the defendant, Andre DeAngelo (hereinafter, the "defendant"). A hearing on this matter was scheduled on October 31, 2013, at which time the Commonwealth submitted the notes of testimony from the preliminary hearing held in the instant case. The Commonwealth and the defendant were further directed to file memoranda of law in support of their respective positions.

The charges in this case arise from events occurring on June 26, 2013. On that date, the defendant was driving along Grant Street, New Castle, Pennsylvania. Officer David Maiella and Officer James Hoyland of the

New Castle Police Department initiated a traffic stop on Grant Street for a violation of the Pennsylvania Motor Vehicle Code. Officer Maiella approached the vehicle and requested the driver to produce a license and proof of registration for the vehicle. Officer Maiella contacted the Lawrence Emergency Operations Center, L.E.O.C., with the defendant's information, wherefrom, Officer Maiella discovered that the defendant had an outstanding warrant for his arrest from the State of Michigan. Officer Maiella questioned the defendant about the outstanding warrant, and the defendant acknowledged that he had an outstanding warrant, and submitted himself for arrest. Thereafter, Office Maiella searched the defendant's person pursuant to an arrest and placed the defendant inside unit 14, which was being operated by Officer Hallowich. Officer Hallowich transported the defendant to the New Castle Police Station, where the defendant was strip searched and placed in a holding cell. Following the defendant's arrest, Officer Maiella was contacted by the issuing authorities in Michigan, who informed Officer Maiella that the authorities in Michigan would not be extraditing the defendant. Officer Maiella provided the defendant with a traffic citation and released the defendant from custody.

Subsequently, Officer Hallowich was called to assist in transporting a different individual from Neshannock Township to the New Castle Police Station. Prior to putting this person in his vehicle, Officer Hallowich searched the back seat of his police cruiser. Officer Hallowich found a small baggie containing heroin on the driver's rear floor area. Officer Hallowich contacted Officer Maiella to inform him of the heroin because Officer Hallowich assumed that it had to have come from the defendant.

Based upon the foregoing, the defendant was charged with one count of Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver a Controlled Substance[1], one count of Possession of Drug Paraphernalia[2], and one count Intentional Possession of a Controlled Substance by a Person Not Registered[3]. Following a preliminary hearing on July 11, 2013, the aforementioned charges were bound over for court. On August 29, 2013 the defendant filed the instant petition, wherein the defendant argues that the Commonwealth failed to present sufficient evidence to establish a prima facie case for the aforementioned charges. A hearing was scheduled before this court on October 31, 2013. At the hearing, the parties agreed to stipulate to the facts contained in the transcript from the preliminary hearing and to submit memoranda of law in support of their respective positions. Neither side presented additional evidence at the October 31, 2013 hearing. Thus, the matter is properly before the court for disposition.

Where a criminal defendant seeks to challenge the sufficiency of the evidence presented at his preliminary hearing, he may do so by filing a writ of habeas corpus. *Commonwealth v. McBride*, 595 A.2d 589 (Pa. 1995); *Commonwealth v. Carmody*, 799 A.2d 143 (Pa. Super. 2002). The purpose of a preliminary hearing is to avoid the incarceration or trial of a defendant unless there is sufficient evidence to establish a crime was committed and the probability the defendant could be connected with the crime. *Commonwealth v. Fox*, 422 619 A.2d 327, 332 (Pa. Super. 1993), *appeal denied*, 535 Pa. 659, 634 A.2d

---

1. 35 P.S. §780-113 (a) (30).
2. 35 P.S. §780-113 (a) (32).
3. 35 P.S. §780-113 (a) (16).

222 (1993) (quoting *Commonwealth v. Tyler*, 587 A.2d 326, 328 (Pa. Super. 1991), *appeal denied*, 617 A.2d 1263 (Pa. 1992)).

In evaluating an accused's entitlement to pre-trial habeas corpus relief, a trial court must determine when there is sufficient evidence to make out a *prima facie* case that the defendant committed the crime with which he is charged. *Commonwealth v. Hock*, 728 A.2d 943 (Pa. 1993). In a habeas corpus proceeding, the Commonwealth has the burden of establishing a prima facie case, offering some proof to establish each material element of the offense as charged. *Commonwealth v. Owen*, 580 A.2d 412 (Pa. Super. 1990). This does not mean that the prosecution must prove the accused guilty beyond a reasonable doubt; rather, the prosecution must establish "sufficient probable cause" that the accused has committed the offense. *Commonwealth v. Prosdocimo*, 479 A.2d 1073 (Pa. Super. 1994).

This is not the junction of the proceeding to make credibility and weight determinations. *Commonwealth v. Williams*, 911 A.2d 548, 551 (Pa. Super. 2006). The court must "view the evidence in the light most favorable to the Commonwealth" and "consider the reasonable inferences based on that evidence which could support a guilty verdict." *Williams, supra*. Although a habeas corpus hearing is similar to a preliminary hearing, in a habeas corpus proceeding the Commonwealth has the opportunity to present additional evidence to establish that the defendant has committed the elements of the offense charged. *Commonwealth v. Karlson*, 674 A.2d 249 (Pa. Super. 1996).

As previously stated, the defendant is charged with

the crimes of Manufacture, Delivery, or Possession With Intent to Manufacture or Deliver a Controlled Substance in violation 35 P.S. §780-113 (a) (30); Intentional possession of a controlled substance by a person not registered in violation of 35 P.S. §780-113(a) (16); and Possession of Drug Paraphernalia in violation of 35 P.S. §780-113 (a) (32).

Section 35 P.S. §780-113 of the controlled substance, drug, device and cosmetic act provides the following:

(a) The following acts and the causing thereof within the Commonwealth are hereby prohibited:

...

(16) Knowingly or intentionally possessing a controlled or counterfeit substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, unless the substance was obtained directly from, or pursuant to, a valid prescription order or order of a practitioner, or except as otherwise authorized by this act.

...

(30) Except as authorized by this act, the manufacture, delivery, or possession with intent to manufacture or deliver, a controlled substance by a person not registered under this act, or a practitioner not registered or licensed by the appropriate State board, or knowingly creating, delivering or possessing with intent to deliver, a counterfeit controlled substance.

...

(32) The use of, or possession with intent to use, drug

paraphernalia for the purpose of planting, propagating, cultivating, growing, harvesting, manufacturing, compounding, converting, producing, processing, preparing, testing, analyzing, packing, repacking, storing, containing, concealing, injecting, ingesting, inhaling or otherwise introducing into the human body a controlled substance in violation of this act.

The Commonwealth maintains the burden of establishing that the defendant knowingly or intentionally possessed a controlled substance, and if the substance was not discovered on the defendant's person, then the Commonwealth must demonstrate that the defendant was in "constructive possession" of the contraband. *Commonwealth v. Valette*, 613 A.2d 548, 549-550 (Pa. 1992). It is apparent that the duration of possession is immaterial. *Commonwealth v. Yaple*, 273 A.2d 346, 350 (Pa. Super. 1970) (citing *Peachie v. State*, 203 Md. 239, 100 A.2d 1 (1953); *Sutton v. State*, 170 Tex. Cr. R. 617, 343 S.W.2d 452 (1961)). Circumstantial evidence may be utilized to establish that the defendant was in possession of the drugs or contraband. *Commonwealth v. Macolino*, 469 A.2d 132, 134 (Pa. 1983) (citations omitted).

"When possession of contraband is charged, the evidence must show not only that an accused had conscious dominion over the object; that is, the accused must have not only the power to exercise control, but also have intent to exercise that power of control." *Commonwealth v. Sterling*, 361 A.2d 799, 801 (Pa. Super. 1976) (citations omitted). If the accused is not in actual possession of the contraband, the Commonwealth must establish constructive possession. Constructive possession is defined as the power to control the contraband and the intent to exercise that control. *Commonwealth v. Haskins*, 677 A.2d 328, 330 (Pa. Super.

1996) (citing *Commonwealth v. Valette*, 613 A.2d 548 (Pa. 1992)). Notwithstanding the fact that another may also have control and access to the contraband, the defendant may have constructive possession of the contraband may be shown as long as the accused had joint control or access. *Id.* (citing *Commonwealth v. Mudrick*, 507 A.2d 1212 (Pa. 1986)). "The fact that the contraband is located in an area usually accessible only to the defendant may lead to an inference that he placed it there or knew of its presence." *Id.*

In order to prove that a defendant delivered a controlled substance, the Commonwealth must demonstrate that the accused sold the controlled substance to a police officer or another person. *Commonwealth v. Murphy*, 795 A.2d 1025, 1030-1031 (Pa. Super. 2002). More simplistically, this statute requires that the defendant merely transfer the controlled substance to another person. *Commonwealth v. Metzger*, 372 A.2d 20, 22 (Pa. Super. 1977). "A defendant actually transfers drugs whenever he physically conveys drugs to another person." *Commonwealth v. Murphy*, 844 A.2d 1228, 1234 (Pa. 2004) (citing *Commonwealth v. Cameron*, 372 A.2d 904, 907 (Pa. Super. 1977)).

When determining if a defendant has the intent to deliver a controlled substance, the court must look at all the facts and circumstances. *Commonwealth v. Aguado*, 760 A.2d 1181, 1185 (Pa. Super. 2000) (citing *Commonwealth v. Harper*, 611 A.2d 1211, 1217 (Pa. Super. 1992)). The court may consider the particular method of packaging, the form of the drug, and the behavior of the defendant in determining whether a defendant had the requisite intent to deliver. *Id.* Possession of a substantial quantity of drugs individually wrapped along with other unused bags is sufficient to prove intent to deliver. *Commonwealth v.*

*Torres*, 617 A.2d 812, 814 (Pa. Super. 1992).

In the current matter, the defendant is charged with Manufacture, Delivery, o Possession With Intent to Manufacture or Deliver a Controlled Substance concerning heroin contained in a sandwich baggie that Officer Hallowich located on the driver side rear floor of unit 14. Moreover, the Commonwealth has charged the defendant with intentional possession of a controlled substance by a person not registered for possessing heroin. The Commonwealth must establish that the defendant had constructive possession over the subject heroin because the facts alleged cannot establish that the defendant had actual possession of the drug.

> Constructive possession is a legal fiction, a pragmatic construct to deal with the realities of criminal law enforcement. Constructive possession is an inference arising from a set of facts that possession of the contraband was more likely than not. We have defined constructive possession as conscious dominion. We subsequently defined conscious dominion as the power to control the contraband and the intent to exercise that control. To aid application, we have held that constructive possession may be established by the totality of the circumstances.

*Commonwealth v. Brown*, 48 A.3d 426, 430 (Pa. Super.2012), *appeal denied*, 63 A.3d 1243 (2013) (internal quotation marks and citation omitted).

Based upon a review of the record, the court concludes that the Commonwealth has not presented sufficient evidence to establish that the defendant had constructive possession of the heroin. Officer Maiella stated that prior

to placing the defendant inside unit 14, he searched the defendant's person for contraband and searched the back of the police car. Officer Maiella did not find contraband on the defendant's person, nor did he notice anything in or on the rear seat and floor of unit 14. The defendant remained in the back of the police cruiser with his hands cuffed behind his back while being transported to the New Castle Police Station. When the defendant was removed from the back of unit 14, Officer Maiella did not re-check the police car.

Officer Hallowich stated that he did not inspect unit 14 prior to beginning his shift on June 26, 2013. Officer Hallowich was the transporting officer for the defendant's arrest. Consistent with Officer Maiella's testimony, Officer Hallowich stated that he did not place the defendant in the police cruiser. Additionally, Officer Hallowich did not remove the defendant from the car. Officer Hallowich stated that, subsequent to transporting the defendant to the New Castle Police Station, he was called to assist with an unrelated incident in Neshannock Township. Officer Hallowich again asked to assist in transporting a second individual to the police station, and prior to placing this individual in the back of unit 14, Officer Hallowich found the heroin, in question. Officer Hallowich stated that when he found the heroin he notified the Street Crimes Unit because he believed the heroin came from the Defendant. N.T. July 11, 2013 p. 40. Officer Hallowich reasoned that he had not transported any other individual prior to responding to the request for assistance in Neshannock Township other then the defendant.

When viewed in their totality, the facts and circumstances do not support a conclusion that the defendant was in constructive possession of the contraband in question.

Officer Hallowich stated that he did not inspect unit 14 prior to beginning his shift, and Officer Maiella stated that the defendant was searched prior to entering the vehicle. Additionally, the defendant was sitting in the back seat of the police cruiser with his hands cuffed behind his back for the duration of his transport to the New Castle Police Station.

Having held that the Commonwealth has failed to establish that the defendant had constructive possession of the heroin found by Officer Hallowich on June 26, 2013 in unit 14, and with possession being an element to each of the crimes charged against the defendant, the court concludes that there is insufficient evidence to sustain the charges against the defendant in the instant matter. The court therefore grants the defendant's petition for writ of habeas corpus regarding the aforementioned charges.

## ORDER OF COURT

And now, this 31st day of December, 2013, this case being before the court on November 29, 2011 regarding the defendant's petition for writ of habeas corpus, with Assistant District Attorney Diane Shaffer, Esquire, appearing on behalf of the Commonwealth of Pennsylvania, and with Lawrence Keith, Esquire, appearing and representing the defendant, Andre DeAngelo McDade, and after a thorough review of the preliminary hearing transcript, the court finds, and it is hereby ordered and decreed as follows:

1. The defendant's petition for writ of habeas corpus is granted, pursuant to the attached opinion.

2. The charges filed against the defendant at the above referenced case number are hereby dismissed.

3. The clerk of courts is directed to serve a copy of this order of court upon counsel of record, Diane Shaffer, Esquire, and Lawrence Keith, Esquire.