Filed 11/25/14  Fleming v. Popescu CA4/1

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

COURT OF APPEAL, FOURTH APPELLATE DISTRICT

DIVISION ONE

STATE OF CALIFORNIA

| | |
|---|---|
| ROSLYN FLEMING, | D064804 |
| Plaintiff and Respondent, | |
| v. | (Super. Ct. No. 37-2013-00062852-CU-HR-CTL) |
| VIRGIL POPESCU, | |
| Defendant and Appellant. | |

APPEAL from orders of the Superior Court of San Diego County, William R. Nevitt, Jr. and Pamela M. Parker, Judges.  Affirmed.

Virgil Popescu, in pro. per.

No appearance for Plaintiff and Respondent.

Defendant and appellant Virgil Popescu, a self represented litigant, appeals from a two-year civil harassment restraining order (Code Civ. Proc.,[1] § 527.6) requiring him to stay away from plaintiff and respondent Roslyn Fleming and specified family members. As we understand his claims, Popescu contends:  (1) there is insufficient evidence of

---

[1]    Statutory references are to the Code of Civil Procedure unless otherwise specified.

harassment, unlawful violence, credible threats of violence, or stalking to support the order; (2) the trial court exhibited bias; and (3) the court erred by including a false statement in the restraining order. Popescu also appeals from an order denying his motion to vacate the civil harassment restraining order, contending the judge who denied the motion did not have jurisdiction to hear it and the motion should have been granted because Fleming did not oppose it.

FACTUAL AND PROCEDURAL BACKGROUND

The following facts appear from the clerk's transcript, which constitutes the entirety of the appellate record. Popescu is the on-site manager of Fleming's apartment complex. On July 26, 2013, Fleming let an eleven-year-old nontenant into the gated property so he could access the back alley. Popescu approached Fleming and the boy and told Fleming that the boy could not be on the property. Popescu cornered Fleming and started screaming at her, shouting that she could move "over his dead body." Fleming tried to get away, but Popescu refused to let her leave the area. Popescu continued to scream in Fleming's face that he was the manager and would get "rid of you people soon." He then bumped Fleming with his chest. Fleming screamed and called for help, but Popescu still did not move. The boy ran away. Fleming felt that Popescu's behavior was unpredictable, irrational and not new. Popescu's behavior scared her.

On July 29, 2013, Fleming was sitting on her porch when she noticed Popescu. Popescu stared at Fleming for a few minutes while muttering under his breath and pacing in the parking lot. Fleming entered her house and locked the door. Once she thought

2

Popescu left, Fleming returned to her porch and saw Popescu lingering under her stairway. The incident scared Fleming.

Fleming filed a request for a civil harassment restraining order against Popescu. On August 28, 2013, Judge William R. Nevitt, Jr. granted the request and issued a two-year restraining order in Fleming's favor.

On September 9, 2013, Popescu moved to vacate the order. Judge Pamela M. Parker denied the motion, finding insufficient evidence to vacate it. Popescu appeals from the order and the order denying his motion to vacate.

## DISCUSSION

## I.

### *General Appellate Principles*

Popescu's appellate briefing compels us to begin by reviewing settled principles of appellate review. On appeal, a judgment or an order is presumed to be correct, and Popescu as the party challenging the judgment or order must affirmatively show error. (*Ketchum v. Moses* (2001) 24 Cal.4th 1122, 1140-1141; *In re Marriage of Arceneaux* (1990) 51 Cal.3d 1130, 1133; *Denham v. Superior Court* (1970) 2 Cal.3d 557, 564.) To meet this burden, Popescu must provide cogent legal argument in support of his claims of error with citation to legal authority, as well as an adequate record, with supporting references. (Cal. Rules of Court, rule 8.204(a)(1)(B), (C); *Sims v. Department of Corrections & Rehabilitation* (2013) 216 Cal.App.4th 1059, 1081 (*Sims*); *Oliveira v. Kiesler* (2012) 206 Cal.App.4th 1349, 1362; *In re Marriage of Falcone & Fyke* (2008) 164 Cal.App.4th 814, 830; *Pringle v. La Chapelle* (1999) 73 Cal.App.4th 1000, 1003 & fn. 2;

3

*Berger v. Godden* (1985) 163 Cal.App.3d 1113, 1119.)  If he does not do so, we may treat his point as waived or abandoned.  (*In re Sade C.* (1996) 13 Cal.4th 952, 994; *People v. Stanley* (1995) 10 Cal.4th 764, 793; *Sims*, at p. 1081; *Marriage of Falcone*, at p. 830; *Berger*, at pp. 1119-1120; *Pringle*, at p. 1003.)  "An appellate court is not required to consider alleged errors where the appellant merely complains of them without pertinent argument."  (*Strutt v. Ontario Sav. & Loan Assn.* (1972) 28 Cal.App.3d 866, 873 (*Strutt*).)  "One cannot simply say the court erred, and leave it up to the appellate court to figure out why."  (*Niko v. Foreman* (2006) 144 Cal.App.4th 344, 368.)

Popescu has elected to proceed on the clerk's transcript.  (Cal. Rules of Court, rule 8.121.)  This is referred to as a "judgment roll" appeal.  (*Allen v. Toten* (1985) 172 Cal.App.3d 1079, 1082.)  When an appeal is on the judgment roll, we conclusively presume evidence was presented that is sufficient to support the court's findings.  (*Ehrler v. Ehrler* (1981) 126 Cal.App.3d 147, 154.)  Our review is limited to determining whether any error "appears on the face of the record."  (*National Secretarial Service, Inc. v. Froehlich* (1989) 210 Cal.App.3d 510, 521; see Cal. Rules of Court, rule 8.163.)  The rules of appellate procedure apply to Popescu though he is representing himself on appeal.  (*Leslie v. Board of Medical Quality Assurance* (1991) 234 Cal.App.3d 117, 121.)

II.

*Sufficiency of the Evidence*

Popescu contends there was insufficient evidence to grant the restraining order. He asks this court to read Fleming's papers, which he maintains will show that "none of

4

the elements necessary for a restraining order were shown or prove[n]." He also argues Fleming's statements in her papers were false.

Normally, when this court considers a claim that the evidence is insufficient to support a trial court's issuance of a section 526.7 restraining order, "[w]e resolve all factual conflicts and questions of credibility in favor of the prevailing party and indulge in all legitimate and reasonable inferences to uphold the finding of the trial court if it is supported by substantial evidence which is reasonable, credible and of solid value." (*Schild v. Rubin* (1991) 232 Cal.App.3d 755, 762.) If the trial court's ruling does not expressly decide a particular factual issue, we are required to imply findings sufficient to support the court's ruling. (*Wilson v. Sunshine Meat & Liquor Co.* (1983) 34 Cal.3d 554, 563.) We presume the record contains evidence to support every finding of fact, and absent a fair summary of the evidence and explanation as to why it is insufficient, we shall not disturb the trial court's factual findings. (*Huong Que, Inc. v. Luu* (2007) 150 Cal.App.4th 400, 409.)

Here, however, on this judgment roll appeal, we "conclusively presume that the evidence is ample to sustain the findings." (*Codekas v. Dyna-Lift Co.* (1975) 48 Cal.App.3d 20, 24; *Estate of Fain* (1999) 75 Cal.App.4th 973, 992 ["Where no reporter's transcript has been provided and no error is apparent on the face of the existing appellate record, the judgment must be *conclusively presumed correct* as to *all evidentiary matters*. To put it another way, it is presumed that the unreported trial testimony would demonstrate the absence of error."].) Thus, there can be "no question of the sufficiency of the evidence to support the [trial court's] findings." (*Haskins v. Holmes* (1967) 252

5

Cal.App.2d 580, 582.) Popescu does not acknowledge this presumption, nor does he attempt to explain how the conclusive evidentiary presumption can be, or was, overcome. As to the evidence appearing in Fleming's papers, Popescu fails to give a fair summary of it, or explain how and why it is insufficient, which is his burden on appeal. (*Green v. Green* (1963) 215 Cal.App.2d 31, 35 [the burden is on the appellant to demonstrate that there is no substantial evidence to support the challenged findings and he is required to set forth all the material evidence on the point, not merely his own; if not the error is deemed forfeited].) Under the circumstances, he has also forfeited his sufficiency of the evidence claims.

Further, Fleming's credibility is not a matter we may consider on appeal. " '[W]e have no power to judge of the effect or value of the evidence, to weigh the evidence, to consider the credibility of the witnesses, or to resolve conflicts in the evidence or in the reasonable inferences that may be drawn therefrom.' " (*Leff v. Gunter* (1983) 33 Cal.3d 508, 518; see also *In re Marriage of Hill & Dittmer* (2011) 202 Cal.App.4th 1046, 1051-1052 ["[I]t is well established that the trial court weighs the evidence and determines issues of credibility and these determinations and assessments are binding and conclusive on the appellate court."].) In short, Popescu has not, and cannot, affirmatively demonstrate any basis for reversal based on insufficiency of the evidence.

III.

*Alleged Trial Court Bias*

Popescu contends the court exhibited bias and prejudice when it considered Fleming's motion. Specifically, Popescu contends Judge Nevitt was prejudiced after

6

hearing Popescu's testimony, in which Popescu used a racial epithet. In his brief, Popescu states, "[I] observed the expression on the judge's face when [I] said [the epithet] and realized that justice will not prevail in this court." Popescu further states that another instance of bias occurred when Judge Nevitt told Fleming's father not to testify as criminal charges were pending against him.

There are several fatal flaws in Popescu's argument. First, a question of trial court bias must be determined from matters appearing in the reporter's transcript, as statements of counsel in briefs are not part of the record on appeal. (*Gantner v. Gantner* (1952) 39 Cal.2d 272, 278.) Accordingly, because they are without record support, we disregard Popescu's characterizations of the trial court's remarks. Because Popescu has not provided a reporter's transcript of the hearing, the record is inadequate to consider his claims.

Second, Popescu has not made any meaningful showing of bias. None of Popescu's assertions contain any reasoned legal argument. He does not discuss the standard of review, or the legal standards by which this court is to assess whether a lower court has exhibited prejudicial bias. For this reason, Popescu has forfeited his contentions.

Even if he did not forfeit his contentions, Popescu's argument does not indicate that Judge Nevitt's behavior was so prejudicial as to render Popescu's hearing unfair. "The role of a reviewing court 'is not to determine whether the trial judge's conduct left something to be desired, or even whether some comments would have been better left unsaid. Rather, we must determine whether the judge's behavior was so prejudicial that it

7

denied [the party] a fair, as opposed to a perfect, [hearing].' " (See *People v. Harris* (2005) 37 Cal.4th 310, 347, quoting *People v. Snow* (2003) 30 Cal.4th 43, 78.) We conclude Popescu has not carried his burden on appeal to establish the court committed prejudicial misconduct that denied him a fair hearing.

IV.

*Claim Regarding Purported False Statement About Firearms*

Popescu contends Judge Nevitt included a false statement in the restraining order by stating, "The court has received information that you own or possess a firearm." According to Popescu, this statement resulted in a visit from two special agents who inquired about his weapons. Setting aside Popescu's total failure to support his bare factual assertions concerning the consequences of the court's purportedly false statement, Popescu does not cite any authority and makes no pertinent or cogent legal argument. Thus, we do not consider his claim. (See *Sims*, *supra*, 216 Cal.App.4th at p. 1081; *Strutt*, *supra*, 28 Cal.App.3d at p. 873.)

V.

*Popescu's Motion to Vacate the Restraining Order*

Popescu contends Judge Parker lacked jurisdiction to hear his motion to vacate the order and enter a different order under section 663. Popescu also contends the court should have granted his motion to vacate because it was not opposed and Fleming did not appear at the hearing.

8

Section 663 sets out the procedure for a party to set aside a judgment or order.[2] Under California Rules of Court, rule 3.1602, "A motion to vacate judgment under Code of Civil Procedure section 663 must be heard and determined by the judge who presided at the trial; provided, however, that in case of the inability or death of such judge or if at the time noticed for the hearing thereon he is absent from the county where the trial was had, the motion may be heard and determined by another judge of the same court." Though Popescu does not reference this rule of court in his appellate brief, presumably it is the basis for his argument that Judge Parker could not consider his motion.

The extent of Popescu's showing is this argument: "At no time [had I] received any [information] that the Judge was dead, unable to hear the motion, or absent from the county." Popescu suggests the court should have informed him of the reason for Judge Nevitt's unavailability. However, Popescu does not point to any authority showing the court must inform a litigant of a judge's absence, and California Rules of Court, rule 3.1602 does not contain any such requirement.

Nor does Popescu point to anything within the record to suggest that Judge Nevitt was in fact available and able to hear the motion to vacate. Because the record is silent

_____

[2]    Section 663 provides more fully: "A judgment or decree, when based upon a decision by the court, or the special verdict of a jury, may, upon motion of the party aggrieved, be set aside and vacated by the same court, and another and different judgment entered, for either of the following causes, materially affecting the substantial rights of the party and entitling the party to a different judgment: [¶] 1. Incorrect or erroneous legal basis for the decision, not consistent with or not supported by the facts; and in such case when the judgment is set aside, the statement of decision shall be amended and corrected. [¶] 2. A judgment or decree not consistent with or not supported by the special verdict."

9

regarding the reason for Judge Nevitt's absence, we presume in favor of the order that Judge Nevitt was in fact unable to hear the motion within the meaning of the rules of court. (See *Denham v. Superior Court*, *supra*, 2 Cal.3d at p. 564; *In re Julian R.* (2009) 47 Cal.4th 487, 498-499 [appellate court presumes the trial court was aware of and followed the applicable law; this rule derives in part from the presumption of Evidence Code section 664 that "official duty has been regularly performed"].) California Rules of Court, rule 3.1602 states that if the judge who presided at trial is unable to hear the motion to vacate, another judge may hear it. Given the silent record and applying the presumption in favor of the order, we conclude Judge Parker did not err in hearing Popescu's motion.

Further, section 663 does not require a party to file opposition to the motion to vacate nor does it provide that a judge must grant the motion if an opposing party does not appear in court. Thus, we perceive no legal basis for Popescu's claim of error.

Popescu's deficient briefing, combined with the lack of reasoned analysis pertinent to the questions on appeal, compel us to conclude he has not made any cognizable appellate contentions. As a result of these failings, and absent any persuasive legal authority on the question, Popescu likewise has not demonstrated error or prejudice. In reaching our conclusions, we are mindful that Popescu represents himself on appeal. However, his status as a party appearing in propria persona does not provide a basis for preferential consideration. "A party proceeding in propria persona 'is to be treated like any other party and is entitled to the same, but no greater[,] consideration than other litigants and attorneys.' [Citation.] Indeed, ' "the in propria persona litigant is held to the

10

same restrictive rules of procedure as an attorney." ' "  (*First American Title Co. v.*

*Mirzaian* (2003) 108 Cal.App.4th 956, 958, fn. 1; see also *Leslie v. Board of Medical*

*Quality Assurance*, *supra*, 234 Cal.App.3d at p. 121.)

DISPOSITION

The orders are affirmed.

O'ROURKE, J.

WE CONCUR:

McCONNELL, P. J.

HALLER, J.